## *In re* McKnight.

*(Circuit Court, S. D. Ohio.*  November 14, 1892.)

### No. 630.

HABEAS CORPUS—ISSUANCE OF THE WRIT—STATE COURTS.

The action of a state court in refusing to assign counsel for a prisoner's defense, in forcing him to trial without time for preparation and without opportunity to secure, by compulsory process, the presence of material witnesses, in violation of the constitution and laws of the state, cannot be considered by a federal court in *habeas corpus* proceedings, brought on the ground that the prisoner is denied the equal protection of the laws, and deprived of liberty without due process of law, in violation of the fourteenth amendment.  *Ex parte Harding*, 7 Sup. Ct. Rep. 780, 120 U. S. 782, and *Ex parte Ulrich*, 43 Fed. Rep. 661, followed.

Petition for writ of *habeas corpus* and *certiorari*.  Denied.

Statement by TAFT, Circuit Judge:

This is a petition for *habeas corpus* filed by Hiram P. McKnight, and is as follows:

"*In the United States Circuit Court in and for the Southern District of Ohio.*

"*Ex parte Hiram P. McKnight.*  Complaint, petition, and affidavit for a writ of *habeas corpus* and *certiorari:*

"The above-named Hiram P. McKnight, relator herein, makes this his complaint, and respectfully represents to this honorable court that he (relator) is unlawfully restrained and deprived of his liberty, and imprisoned in the Ohio penitentiary at Columbus, Ohio; that said imprisonment is by virtue of an order or judgment of the court of the common pleas in and for the county of Wood and state of Ohio; that said imprisonment is by the state of Ohio, by C. C. James, Esq., as agent of said state and warden of said penitentiary; that heretofore, to wit, on the 16th day of January, 1892, relator was indicted by the grand jury of said Wood county, Ohio, and charged with having committed the crime of 'forgery and uttering a forged instrument;' that said charge was a felony, under the laws of Ohio; that thereafter, to wit, on the 20th day of said January, relator was arraigned upon said charge, and entered a plea of 'Not guilty' thereto; that the laws of the state of Ohio provide that the court shall, at the time of arraignment, assign said cause for trial at the same term; that said court did not assign said cause for trial at any time; that relator was without counsel, and wholly unable to employ counsel to assist him in his defense, and said court well knew of these facts; that the constitution and laws of Ohio provide that the court shall, if the prisoner comes without counsel, before it proceed with the case, assign him counsel, not more than two, who shall, at the expense of the state, assist the prisoner in his defense; that the court did not assign any counsel whatever to assist the prisoner (relator) in his defense to said cause, but said court did then and there appoint able counsel to assist the prosecution of said cause on the part of the state of Ohio; that thereafter, to wit, on the 7th day of March, A. D. 1892, relator was again brought before said court in custody of the sheriff of said county, and without warning, or said cause being previously assigned for trial, as provided by law, was by said court immediately placed upon trial of said charge; that relator then and there filed with said court his written objections thereto, and in accordance with due provisions of law set forth the facts that he (relator) had material witnesses who were absent, and without whom he could not safely proceed to the trial of said

cause, and that he had also been confined in jail, and had no counsel to assist him; that the constitution and laws of Ohio provide that the accused shall be allowed compulsory process to procure the attendance of his witnesses: that compulsory process to compel the attendance of relator's material witnesses was by said court denied to relator; that there is no process due to the laws of the state of Ohio wherewith a person may be charged with crime, arrested, imprisoned, tried, convicted, and sentenced, without first giving to the accused counsel to assist him in his defense, compulsory process to compel the attendance of his witnesses, and the cause assigned for trial a reasonable time before trial to allow the accused and his counsel so assigned to prepare for his defenses to the charge; that relator also says that he did not at any time waive his right to have the assistance of counsel in his defense, nor to have compulsory process to procure his witnesses in his behalf, nor the right to have said cause properly assigned for trial, to give him an opportunity to prepare for trial thereof; that he (relator) has made his application in due form of law to each of the circuit and supreme courts of the state of Ohio for a writ of *habeas corpus*, and that the cause of said imprisonment be judicially inquired into, and for proper relief according to law; that the said several state courts of Ohio upon said application suspend the writ of *habeas corpus*, and refuse to give to relator judicial investigation and inquiry into the cause of imprisonment. Relator further alleges and avers that said imprisonment is in violation of the constitution of the United States, and sections 1977, 1979, and 1980 of the Revised Statutes of the United States, and other acts of congress made in pursuance of said constitution; that relator is deprived of his liberty by the state of Ohio, without due process of law, and is denied the equal protection of the law while within the jurisdiction of said state of Ohio; that relator has been denied by the state of Ohio privileges and immunities secured to the citizens of Ohio and the United States; that said relator is a natural-born citizen of the United States; that the records and files of said case are now in the possession of the clerk of the supreme court of Ohio, Urban H. Hester, Esq., at the city of Columbus, Ohio. All of which more fully appears from the records and files of said cause, which is entitled 'The State of Ohio vs. Hiram P. McKnight.' Wherefore, the said Hiram P. McKnight, relator in the foregoing petition, prays that a writ of *habeas corpus* may issue from the honorable U. S. circuit court of the southern district of Ohio to C. C. James, as warden of the Ohio penitentiary, at the city of Columbus, Ohio, commanding him to bring the body of the said Hiram P. McKnight before said United States court in and for the southern district of Ohio, and show fully for what cause he holds and imprisons the said Hiram P. McKnight; that the cause of said imprisonment be fully inquired into; and that the same be declared in conflict with the constitution and laws of the United States, and the said Hiram P. McKnight be dealt with according to law. Also that a writ of *certiorari* may issue to Urban H. Hester, Esq., clerk of the supreme court at the city of Columbus, Ohio, commanding him to forthwith forward to the clerk of said United States circuit court for the southern district of Ohio, at the city of Cincinnati, Ohio, to be used upon the hearing of this complaint, all and singular the files and records of said cause. And the said relator will ever pray. "HIRAM P. McKNIGHT, Complainant."

"*State of Ohio, Franklin County—ss.:* Hiram P. McKnight, who, being first duly sworn according to law, deposeth and says that he is the complainant in the foregoing petition and complaint, and that the facts set forth therein are true. HIRAM P. McKNIGHT.

"Subscribed and sworn to before me this 1st day of November, A. D. 1892. "GEORGE W. MERRILL, Justice of the Peace."

TAFT, Circuit Judge, (*after stating the facts.*) The sections of the statutes under which this court exercises jurisdiction to issue the writ of *habeas corpus* have been quoted in the opinion just filed in the case of *In re Haskell*, 52 Fed. Rep. 795. This court has no power to discharge the prisoner in the present case, unless it appears from the petition that the prisoner has been deprived of his liberty by the state of Ohio without due process of law, and has been denied the equal protection of the law, in violation of the fourteenth amendment to the constitution of the United States, and, further, that by reason thereof the sentencing court was without jurisdiction to pronounce the sentence. Before a court can interfere with the judgment of another court by *habeas corpus*, it must be able to say that the judgment is null and void.

It is clear from the petition that the court which sentenced the prisoner had jurisdiction of the person and of the offense charged in the indictment; that the indictment was properly found by a grand jury; that the case proceeded to trial and conviction before a petit jury; that judgment followed thereon; and that no want of jurisdiction in the court to pronounce the sentence appears on the face of the record. The only ground for denying the power of the court to pronounce the judgment consists in the refusal of the court, as alleged, to assign counsel for petitioner's defense, in accordance with the law of Ohio, and in the court's forcing the relator to trial without sufficient time for preparation, and without giving him an opportunity, by the compulsory process of the court, to secure the presence of his material witnesses, who were absent, and without whom he could not safely proceed to trial. Such matters are mere irregularities or errors which cannot be considered or corrected by a court in the collateral proceeding in *habeas corpus*. They do not go to the jurisdiction of the court to pronounce the sentence.

The right to have the assistance of counsel is not alleged to have been infringed. The averment is that the trial court failed or refused to assign counsel at the expense of the state, which is a very different thing. Failure to furnish counsel to a defendant is not a want of due process of law. If a state statute accords such a right to an indigent defendant, a denial of it is error, only, which does not affect the jurisdiction of the court, or render its sentence void. Nor is the failure of the court to allow the defendant compulsory process for the attendance of his witnesses a jurisdictional defect which can be considered on *habeas corpus*. It is doubtful from the petition whether the petitioner intends to state that the court refused to issue compulsory process, or only that, by denying a continuance, the court failed to give an opportunity to procure the attendance of absent witnesses. But conceding that the averment is of a refusal by the court of a compulsory process, the petition does not make a case for *habeas corpus*. This is conclusively settled by the case of *Ex parte Harding*, 120 U. S. 782, 7 Sup. Ct. Rep. 780. There it was averred that the prisoner was deprived of his liberty without due process of law, because at the trial in a court of a territory of the United States the petitioner was deprived of his right to obtain compulsory process for the attendance of his witnesses, in violation of the constitution of the

United States, which in article 6 of the amendments expressly secures such a right to persons tried in courts of the United States. The court held that the objection to the sentence only went to the regularity of the proceedings, and not to the jurisdiction of the court to impose the sentence; that for such irregularity the judgment was not void; and that the writ of *habeas corpus* gave the court no power for its correction.

The case of *Ex parte Harding* is stronger than the case at bar, because there the supreme court was considering the validity of a trial and judgment in a court organized under the authority of the United States, and the right, a violation of which was assigned as the reason for the writ, was in terms secured to the petitioner in that case by the federal constitution. Here the judgment under consideration is that of a state court, and the right alleged to be violated is one not expressly secured by the federal constitution, but only by the constitution and laws of Ohio. It is only indirectly protected by the fourteenth amendment to the federal constitution. In *Ex parte Ulrich*, 43 Fed. Rep. 661, Circuit Judge CALDWELL held that the district court of the United States had no authority, by writ of *habeas corpus*, to declare a judgment of a state criminal court a nullity, and discharge the prisoner from imprisonment imposed by it, where such court had jurisdiction of the person, place, offense, and the case, and everything connected with it. Under these authorities, the petitioner does not state a case for the issuance of a writ, and his application is denied.