EX PARTE FINIS GRAYSON.

No. 24347. March 2, 1949.

Relator represented himself.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The question before the court is accurately summarized in the following excerpt from the brief filed by the state's attorney.

"This is an original application for writ of habeas corpus presented to the Court of Criminal Appeals, and the matter was referred to. the Honorable A. S. Mauzey, Judge of the 32nd Judicial District Court, Mitchell County, Texas, to ascertain the facts and certify them to this Court, which has accordingly been done.

"From an inspection of the record before this Court, it appears that relator was tried in the District Court of Mitchell County, Texas, upon an indictment charging the offense of robbery by the use of a firearm, and, upon his plea of guilty he was found guilty by the jury and his punishment assessed at fifteen years in the penitentiary. Apparently no appeal was taken and relator was thereafter confined in the State penitentiary, and is still confined therein.

"In relator's application to this Court for a writ of habeas corpus, he contends that he is being illegally restrained of his liberty and confined in the State penitentiary by reason of the facts that since he was charged with and tried for a capital offense, namely, robbery with the use of a firearm, that he was entitled to a special venire, and that the trial judge should have appointed an attorney to represent him before the court."

It appears that no special venire was drawn in this cause but the jury was selected from the regular jury panel, of thirty-six men, for the week. Apparently appellant was not represented by

an attorney at his trial. Testifying in behalf of his application in this cause, he said, "I plead guilty to the charge. My father was with me at the time. I did not have an attorney at the time of the trial. I plead guilty to the court and jury and the jury assessed my sentence at fifteen years in the penitentiary and I was committed to the State Penitentiary shortly thereafter and I have been there ever since."

On the question of waving an attorney he said that so far as he knew he did not waive any right, if he had it. He did ask the judge if he could waive a jury and was informed that he could not. He now says: "I just wanted to plead guilty to the judge and let him assess the sentence."

The offense for which he was convicted was one for which a death penalty might have been inflicted. The jury, however, gave him only a fifteen year sentence in the penitentiary. We quote from the brief of state's attorney, with approval, the following:

"This Court held in Terwillinger v. State, 191 S. W. (2d) 481, that the accused may waive a special venire and agree to trial of a capital case by the petit jury drawn for a particular week in which case is set for trial.

"Article 11 of the Code of Criminal Procedure provides: 'The defendant in a criminal prosecution for any offense may waive any right secured to him by law, except the right of trial by jury in a felony case.' And Article 10a of the Code of Criminal Procedure, Acts of the 42nd Legislature, 1931, made it possible for the accused to waive a jury in any felony less than capital.

"In McKee v. State, 42 S. W. (2d) 77, it was held, 'Accused in a capital case may waive appointment of counsel to appear in his behalf,' and again, in Ex parte Rodriquez, 42 S. W. (2d) 603, this Court held, 'Even in capital cases, court's imperative duty to appoint counsel only arises on apprisal that accused is too poor to employ counsel.' " It does not appear that the applicant was too poor to employ counsel at the time of his trial. His father was with him in court and he evidently had the benefit of the father's advice. He must have been a man of mature age and the failure of the accused and the father to so inform the court must be construed, under the decisions, as a waiver of his right to have counsel even in a capital case.

No brief has been filed in behalf of appellant's application.

It is assumed, however, that he is proceeding on the theory, which seems to have been circulated quite extensively, that one who is convicted and sent to the penitentiary in a felony case without representation by counsel in court must, upon application, be discharged. We are not advised of the source from which such information springs. This court has not so held and we do not so construe the majority opinion in any case by the Supreme Court of the United States, one of the most recent being Roy Bute, Petitioner, v. People of the State of Illinois, Vol. 92 Law Ed. U. S. Supreme Court Reports, page 735, advance sheet No. 14, 1947 term of said court. (333 U. S. 640.) It is not necessary to discuss the dissenting opinion, nor any implication which might be drawn from the majority opinion in the foregoing case. It is sufficient to say that it does not require that this court grant the relief prayed for in the case now before us.

The petition is denied and relator is remanded to the custody of the officers of the penitentiary to serve the sentence of the court.