## Ex parte CLAUDE A. COBB.

No. A-11126.    April 13, 1949.

(205 P. 2d 518.)

Homer Caldwell, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

JONES, P. J.   This is an original action in habeas corpus wherein the petitioner, Claude A. Cobb, seeks to secure his release from confinement in the State Penitentiary.

This is a companion case to that of Ex parte Cook, 84 Okla. Cr. 404, 183 P. 2d 595, 596, decided July 9, 1947.

The facts concerning the commission of the crime of burglary at Ada, Okla., the arrest of Cobb and Cook, their arraignment before the justice of the peace, and

their later pleas of guilty before the district court of Pontotoc county, and all the circumstances surrounding said proceedings, are fully set forth in Ex parte Cook, supra, and will not here be repeated.

In Ex parte Cook, supra, we vacated the judgment as to Cook and remanded the cause to the district court of Pontotoc county for the trial of Cook for the reason as set forth in the syllabus as follows:

"A judgment and sentence to the maximum term of imprisonment in the State Penitentiary on plea of guilty to burglary, by uneducated, illiterate, and inexperienced youth, seventeen years of age, will be vacated and set aside where record discloses that upon day accused was arrested he was arraigned in district court without counsel and sentenced less than an hour after his arraignment before a justice of peace, and record further discloses that parents of accused, who lived in county, did not learn of his arrest until after he was sentenced to penitentiary. Under circumstances there was not an intelligent waiver of the constitutional rights of the accused and court should have appointed counsel to represent the accused as a necessary requisite of due process of law before accepting a plea to the felony charge filed against him."

Petitioner, Claude A. Cobb, now contends that in view of the opinion of the court in Ex parte Cook, supra, he is entitled to discharge from imprisonment.

The father of petitioner testified that petitioner had been subject to mental disturbances and had become mentally incapacitated from handling himself in a proper manner; that petitioner was 23 years of age at the time of his conviction; that petitioner pleaded guilty at Dallas, Tex., when he was 16 years of age to a charge of car theft and was placed on probation to his parents; that petitioner, in January, 1947, was charged by indictment

filed in the United States District Court for the Western District of Oklahoma, upon eight counts which in effect charged him with conspiracy with other named individuals to steal automobiles and change their engine numbers and transport the stolen automobiles in interstate commerce; that after the conviction sustained by petitioner in Pontotoc county, out of which this petition for habeas corpus arose, the petitioner entered a plea of guilty to the indictment, and on April 7, 1947, the United States District Court suspended the sentence on each of said counts of the indictment and placed petitioner on probation for five years to begin at the expiration of the sentence he is now serving in the penitentiary because of the judgment and sentence imposed by the district court of Pontotoc county.

While we still feel, as was expressed in our opinion in Ex parte Cook, supra, that the court officials should not have acted with such haste in disposing of petitioner's case, yet the question presented is not whether the court used too much speed in disposing of petitioner's case, but whether the petitioner was fully cognizant of what was transpiring and whether he was fully advised as to his rights and as to the consequences of his act before entering his plea to the information.

In the case of Cook, because he was only 17 years of age, and appearing in court for the first time, the judgment was vacated because no counsel was appointed to confer with the accused and protect his rights. In the instant case, Cobb was an adult, and according to the testimony of the assistant county attorney, Cobb wanted to plead guilty to the burglary of the jewelry store and go on to the penitentiary to start the serving of his sentence in order to avoid a prosecution for theft of

the automobile in which Cobb and Cook were traveling at the time of their arrest.

The petitioner testified that he had only attended public school to the eighth grade; that in 1942, he joined the Army and served for 11 months and 13 days until his discharge on November 13, 1943; that he was married and that his wife resided in Oklahoma City; that he was acquainted with John R. Cook; that he met Cook the night of January 22, 1947, and rode with him to Ada; that petitioner had been drinking beer all day and that on the road to Ada, they bought a pint of whisky which they drank; that he became so intoxicated that he had no recollection of what had occurred until he awoke in jail in Shawnee about 1:30 a. m. on January 23, 1947; that he was immediately taken to Ada, and placed in jail there, and early the next morning he was taken before a justice of peace where he was informed that he was charged with the burglary of a jewelry store in Ada; that neither the county attorney nor his assistants were present and he was not advised of his right to counsel, but was told by the policeman who took him to the court that if he pleaded guilty he would only be sentenced to two years; that he was not allowed to use the telephone, but was taken shortly thereafter to the district court where he remained for about five minutes before the judge entered the court-room; that when the judge arrived the county attorney informed him that the petitioner wanted to plead guilty to burglary of a jewelry store at Ada, and that the prosecutor recommended the maximum punishment of seven years' imprisonment in the penitentiary; that the court thereupon followed the recommendation of the county attorney and sentenced the petitioner to serve seven years in the penitentiary.

The assistant county attorney testified that he talked with petitioner in the afternoon of January 23, 1947; that petitioner was anxious to plead guilty to burglary in order to escape prosecution for automobile theft; that it was quite late in the afternoon and he called the district judge to see if he would remain until he could bring the accused before him to plead to the charge of burglary; that when petitioner was taken before the district judge, he, the assistant county attorney, read the information in open court; that the court then advised the prisoners of the nature of the crime charged against them and of their right to have counsel to represent them, and further advised them that the court would appoint a lawyer for them, or for either of them if they were not able to hire one; that after this advice was given the petitioner he insisted on pleading guilty and the court pronounced the sentence of seven years' imprisonment in the penitentiary.

The district judge testified that he went into great detail advising the petitioner of all of his rights, including the right to trial by jury, right to be represented by counsel, the right to have additional time in which to plead to the information; that the assistant county attorney read the information to the accused in open court and that petitioner then stated that he wanted to enter a plea of guilty and have sentence pronounced at once.

The right of one accused of crime to the assistance of counsel in the preparation of his defense has long been regarded in this country as essential to the due administration of justice in criminal cases. Our Constitution, art. 2, § 20, Okla. Const., provides that in all criminal prosecution the accused "shall have the right to be heard by himself and counsel".

Our Code of Criminal Procedure provides:

"If the defendant appear for arraignment, without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desire the aid of counsel. If he desires, and is unable to employ counsel, the court must assign counsel to defend him." 22 O.S. 1941 § 464.

In the case of Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139, 141, this court adopted the following provisions of law as shown by the syllabus:

"Under bill of rights, sec. 20, Okla. St. Ann. Const., an accused has the right to consult with counsel and to be fully advised as to his rights, and as to the consequences of his act before entering his plea to the indictment or information."

"A plea of guilty should be entirely voluntary, and should be made by one competent to know the consequences thereof, and should not be accepted until after the defendant has been fully advised by the court of his rights and the consequences of his plea."

"A person prosecuted for a crime may waive the rights guaranteed to him by bill of rights, relating to trial by jury, right to be heard by counsel, etc."

"Whether one accused of crime has waived his right to the assistance of counsel for his defense must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused."

It is our conclusion that the facts in the instant case distinguish it from the companion case of Ex parte Cook, supra. Cook was 17 years of age. The petitioner was an adult, 23 years of age, who had been convicted of automobile theft while a juvenile.

When we issued the writ of habeas corpus for Cook, it was solely because he was a juvenile, and counsel was

not appointed to advise with him. The father of petitioner attempted to show that the petitioner was mentally deficient so as to bring him within that class where the court had the legal duty to appoint counsel to represent him, even though the accused sought to waive his right to counsel. Such evidence of mental incapacity was weak and unsatisfactory and insufficient to overcome the strong presumption of legality that attaches to the judgment and sentence which is regular on its face. This judgment and sentence was also bolstered by the evidence of the assistant county attorney, the police chief, and the district judge, whose testimony showed that the petitioner fully knew what was transpiring in the court-room and sought to plead guilty to the lesser crime of burglary, of which he was guilty, in order to avoid prosecution not only for the burglary but for the additional crime of larceny of an automobile.

The writ of habeas corpus is denied.

BAREFOOT and BRETT, JJ., concur.