JOHN CARPENTIER, petitioner-appellee, v. PERCY A. LAINSON, warden, Iowa State Penitentiary, appellant.

No. 49200.

(Reported in 84 N.W.2d 32)

June 26, 1957.

Rehearing Denied September 20, 1957.

Norman A. Erbe, Attorney General, Raphael R. R. Dvorak, First Assistant Attorney General, and Howard M. Remley, County Attorney, for defendant-appellant.

Joseph L. Phelan, of Fort Madison, for petitioner-appellee.

Larson, J.—Due process of law under both Federal and State Constitutions requires that one charged with a crime receive a fair trial. The right to advice and aid of counsel in serious offenses, especially in capital offenses, is recognized in most jurisdictions including Iowa. By most authorities this representation or advice of counsel may be waived if done so intentionally and competently. The sole question involved in this case is whether, under the related circumstances, a youth of seventeen years may do so. The trial court thought he could not, but we disagree.

The facts are not in dispute. Petitioner's parents separated when he was about seven years of age. For a time he lived with his mother, two sisters, and a brother. The mother remarried

and petitioner went to live with his father in California. While there he had his first brush with the law and was sent to a boys training school. After his release he returned to his mother's home in Minnesota, finished the eighth grade and, after flunking out midway in the ninth grade, came to Fort Dodge, Iowa, to visit a sister. Together with another youth, he stole a car and headed for California. At Corydon, Iowa, he was caught and charged with the crime of larceny of a motor vehicle. Petitioner was then sixteen years of age, and the court appointed counsel to advise and aid him. To this offense he pleaded guilty and was committed to the boys training school at Eldora, Iowa, until he became 21 years old. He was assigned a work detail, and a few months later when he was 17 years old he escaped, stole a school pickup truck, and was apprehended in Indiana. When arraigned on the charge of larceny of a motor vehicle in the Hardin County District Court a few weeks later, and after being advised of his right to counsel, which he declined, he pleaded guilty and was sentenced to a term of ten years in the State Reformatory at Anamosa, Iowa. A few months later he again escaped, stole another car, was apprehended in Illinois, and returned to the reformatory. In due time he was arraigned before the Jones County District Court on another motor vehicle larceny charge. Subsequent to some negotiations with the county attorney and after being advised of his right to counsel by the court, petitioner declined said aid and pleaded guilty. As a result, he received a ten-year sentence in the reformatory to run concurrently with the sentence imposed in Hardin County. Still later and before a different judge, petitioner, after being advised of his right to counsel in open court, which he again declined, pleaded guilty to the charge of escape and received an additional five-year sentence in the reformatory November 10, 1951.

No appeals were taken, but after his transfer to the State Penitentiary at Fort Madison, he prepared and filed on his own behalf a petition for a writ of habeas corpus in the Lee County District Court contending he was denied the services of counsel in each of the three district court cases, had no funds to hire counsel, was but seventeen years of age, and was thus denied due process of law under the State and Federal Constitutions. Prior

to that hearing, present counsel was procured to assist him. The writ was granted, but petitioner was held under bail pending the warden's appeal to this court.

The sole question considered by the trial court was whether under the circumstances the petitioner should have been permitted to waive his right to counsel, and we shall consider no other.

■ I. We have often said, it is not the purpose of a habeas corpus proceeding to determine the guilt or innocence of the petitioner of the crime for which he is held, nor to pass upon errors in his trial, nor to retry the facts and pass upon the sufficiency of the evidence to sustain the charge. Unless there was no jurisdiction in the court, the judgment is not void and he cannot attack it collaterally by habeas corpus. Gibson v. Lainson, 244 Iowa 1396, 1398, 60 N.W.2d 797, 798; Reeves v. Lainson, 234 Iowa 1034, 1035, 14 N.W.2d 625; Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, 146 A. L. R. 357.

■ To fall within the concept of the Federal as well as the State Constitution, petitioner's claim must therefore sustain his claim that the denials alleged were so fatal to a fair trial that respective courts had no jurisdiction to act in the matters before them and their judgments were void. Betts v. Brady, 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595; Sewell v. Lainson, 244 Iowa 555, 57 N.W.2d 556; State v. Karston, 247 Iowa 32, 72 N.W.2d 463; Sixth and Fourteenth Amendments to Federal Constitution.

■ II. Generally, where an accused without counsel acquiesces in a trial resulting in his conviction, and later seeks release by the extraordinary remedy of habeas corpus, the burden rests upon him to establish that he did not competently and intelligently waive his right to assistance of counsel. There would seem to be, then, a strong presumption of regularity connected with such proceedings before the trial court. 25 Am. Jur., Habeas Corpus, section 50, page 180; Johnson v. Zerbst, supra. However, it is also true in this latter case the United States Supreme Court said, courts indulge every reasonable presumption against a waiver of fundamental constitutional rights, and do not presume acquiescence in their loss, and defined waiver as ordinarily an intentional relinquishment or abandonment of a known right or privilege. It further said, whether one accused

of crime has waived his right to the assistance of counsel for his defense must depend in each case upon the particular facts and circumstances surrounding that case, including the background experience and conduct of the accused. See Patton v. United States, 281 U. S. 276, 50 S. Ct. 253, 74 L. Ed. 854, 70 A. L. R. 263. The federal rule, it seems, is well established now that the waiver of constitutional and statutory rights to counsel is occasioned only when the accused acts understandably, competently and intelligently. Rice v. Olson, 324 U. S. 786, 65 S. Ct. 989, 89 L. Ed. 1367; Williams v. Kaiser, 323 U. S. 471, 65 S. Ct. 363, 89 L. Ed. 398.

It is well to remember that while the Sixth Amendment to the Federal Constitution has been held to apply to all federal cases, the failure of a state court to appoint counsel is only an element of due process to be considered as a means of determining whether or not a prisoner in a given instance has had a fair trial, and that the Fourteenth Amendment does not require the appointment of counsel for indigent prisoners by state courts where such prisoners are charged with crimes less than capital. Betts v. Brady, supra, 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595; In re McKnight, 52 F. 799; Powell v. Alabama, 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527; Glasser v. United States, 315 U. S. 60, 62 S. Ct. 457, 86 L. Ed. 680.

If, then, under all the facts disclosed and the permissible inferences surrounding the conviction, the petitioner sustains his burden by showing he was treated so unfairly as to disclose a denial of due process of law, the supreme court has said it will entertain the review to determine whether petitioner had a fair trial. It is also true we said in Sewell v. Lainson, supra, at page 566 of 244 Iowa, that since the Federal courts will make such a review, we will do likewise should the circumstances so warrant it.

III. In Iowa, as petitioner admits, our decisions have uniformly held that an accused can waive his right to have an attorney appointed to defend him, under the Constitution and under section 775.4, Code of 1954; State v. Meeks, 245 Iowa 1231, 1240, 65 N.W.2d 76.

In a leading case on this point we said in Korf v. Jasper County, 132 Iowa 682, 685, 108 N.W. 1031, 1032: "The Consti-

tution guarantees to every person accused of crime, involving his life or liberty, the assistance of counsel. Section 10, Article I, Constitution [of Iowa]. But such assistance cannot be forced upon any one not desiring it, nor is the court required to appoint counsel save upon request. [Citing cases.]"

It is clear, therefore, that one charged with a crime involving life or liberty in this state may waive his right to have counsel appointed for him if he does so intentionally and competently without outside pressure or coercion.

IV. This brings us to the key question—a very troublesome one for most courts across the land. Should any minor charged with a crime involving life or liberty be permitted to waive his right to counsel, or must the court appoint counsel for him regardless of his wishes, express or implied? There seems to be able authority on each side of this question, although in most every instance the court states that it does not hold that a minor defendant may not waive his right to counsel in a criminal case. See Ex parte Cook, 84 Okla. Cr. 404, 183 P.2d 595; McCarty v. Hudspeth, 166 Kan. 476, 201 P.2d 658; Willey v. Hudspeth, 162 Kan. 516, 178 P.2d 246; Ex parte Grayson, 153 Tex. Cr. 91, 217 S.W.2d 1007; People v. Adomaitis, 201 Misc. 707, 112 N. Y. S.2d 38; Haughey v. Smyth, 187 Va. 320, 46 S.E.2d 419. Also see discussion in Right to Counsel, by Beaney, page 114 (University of Michigan Pub.).

It seems, however, in most of the cases we have been able to find, the rule is applied without exception that the defendant must waive, intentionally, understandably, and competently, without coercion, to be effective; and to determine this fact, evidence as to his education, mental capacity, experience, and understanding is most important. Whether or not one accused of crime has waived his right to assistance of counsel, regardless of age, must depend in each case upon particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused. We should furthermore take into consideration whether petitioner was ignorant of legal procedure, confused and bewildered, as well as the haste in placing him on trial, the lack of evidence, and the complexity of the charge, and the pressure, or lack thereof,

to get him to enter his plea. If defendant is competent, knows what he is doing, is aware of the offense charged and its penalty, as well as other courtroom procedure, so as not to be confused or frightened by arraignment, surely such a waiver, intentionally done, must be allowed to stand.

We agree with the New Jersey court that an 18-year-old Negro with moron-level intelligence, who was allowed to sign a waiver of counsel, did not do so competently, Ex parte Carter, 14 N. J. Super. 591, 82 A.2d 652, but perhaps the same result would have been reached under the same circumstances had he been over 21 years of age. But compare Ex parte Cook, supra, 84 Okla. Cr. 404, 183 P.2d 595, with Ex parte Cobb, 89 Okla. Cr. 82, 205 P.2d 518. Here jointly-charged persons of 17 and 23 years were treated differently in habeas corpus proceedings. However, in addition to the age difference, the older man had one prior conviction.

In Ex parte Grayson, supra, the Texas case above referred to, a waiver was upheld when a 15-year-old boy was advised only by his confused father, while in New York a 16-year-old boy was held incapable of waiver of his right to counsel. The rule there announced was that waiver is only good when one does so understandably, competently and intelligently.

The Kansas court in Willey v. Hudspeth, supra, 162 Kan. 516, 178 P.2d 246, held a 17-year-old boy assumed to be possessed of average intelligence, is not possessed of sufficient comprehension of his constitutional and statutory rights in a felony case to waive them and, without more being shown, must be given the benefit of consultation of counsel. No more was shown.

In deference to all these respectable authorities, we prefer to follow the general rule announced by the United States Supreme Court that one who knowingly and competently waives his right to counsel cannot thereafter deny he received a fair trial upon that basis, and conclude a minor may also waive such right depending entirely on other disclosed circumstances relating to him. The youthful defendant is not the same as an ignorant defendant, a feeble-minded one, or a moron. Physical age is a rather significant factor in determining his mental capacity and his knowledge and comprehension of the rights in-

volved, but many minors under age 21 are far more intelligent and competent than many over 21 years of age. We are aware that youth understands with confidence his rights much better today than he did years ago, and we are also aware of his growing reckless attitude toward the laws of the land.

If an arbitrary age under which such a waiver cannot be effective is established, we prefer that the legislature designate it, and until such is done we are content to examine each case to determine under the facts whether defendant, regardless of age, did know of his constitutional and statutory rights, did understand and comprehend his act in waiving them, and did intelligently do so without compulsion or influence of any kind from others.

■ V. In each conviction complained of by petitioner the proof is clear that he was asked if he desired the aid of counsel and he replied that he did not. He now says he had no funds and did not understand that counsel would be furnished by the state. Such contentions at this time are not found very persuasive. See State v. Cowan, 25 Wash.2d 341, 170 P.2d 653. Petitioner had previous experience with state-furnished counsel at no expense to him when committed to Eldora and must have known funds were not required. At the first trial in Anamosa the record shows "he did not desire legal counsel" and in the second "not wishing to be represented by counsel" he waived that right as well as formal arraignment. It is also clear petitioner was something less than ignorant or confused at these hearings. Preliminary thereto he successfully negotiated with the county attorney to get his new sentence to run concurrently with the one he was serving for a previous larceny conviction, stating he understood that to mean "that sentence would start at the same time the sentence from Hardin County would start, would go back until then", and with that understanding petitioner agreed to plead guilty, and did so. He was further informed there was no disposition of the Jones County courts to ignore the crime of escape, and so waived counsel and pleaded to the charge. There is no basis whatsoever of the claim that petitioner was not fully advised of his right to counsel and understood his right thereto. There is every inference that he did understand his right and comprehended the nature of his act in waiving that

right. He had the normal intelligence and education of a 17-year-old youth, plus several previous visits to the court whereby he became acquainted with court procedure. He was not confused or bewildered, nor did he seem to surrender any advantage that might have been gained by counsel assistance. He admitted his guilt of the offenses charged and did not complain of his treatment until, aided by others in the state prison, he decided to test the validity of his waivers while a minor. This, of course, he had a right to do and to point out the surrounding circumstances to aid him in his contention that he did not receive a fair trial. It is true he had no funds, and his family did not attempt to help him. But he does not claim illiteracy, mental incompetency, feeble-mindedness, or any other abnormal traits. On the contrary, he showed more than a normal experience and understanding of the court functions. He does not claim pressure was exercised to get him to plead to the charges, nor that he was rushed into trial. Even if there were a presumption, which we hesitate to announce, that a normal lad of seventeen could not competently waive his right to counsel, we think the facts disclose his experience and knowledge were sufficient to overcome such presumption.

Therefore, we cannot agree with the trial court that the same rule to determine whether one competently, intentionally and intelligently waives his right to counsel does not apply to both those above and below 21 years of age. It is merely the correct application of the rule heretofore announced, with proper emphasis placed upon the competency factor due to age.

Our conclusion is that age alone is not the controlling factor. It was incumbent upon petitioner here to show not only his immature years, but also the other reasons by which he claims he was not then capable of understanding, comprehending and exercising proper judgment, or was misled or otherwise improperly tried, in order to justify a declaration that the sentences were void and that the trial courts were without jurisdiction. This we think he failed to do, and the writ should have been denied.

VI. Petitioner refers to our recent decision in the Sewell v. Lainson case, supra, but there we found petitioner did not obtain due process of law because he was coerced into surrendering his right to ask a new trial; that such waiver was not his

intentional and willful act, thereby making the judgment void. In the case of State v. Karston, supra, a capital offense case, we held effective counsel had not been appointed defendant when it was disclosed that said counsel's interests were so conflicting in representing a codefendant that his representation of defendant was even more unfair than if he had had no counsel at all. These cases are not in point here, although there is language therein sustaining petitioner's right to have his case reviewed in a habeas corpus proceeding.

We do believe, however, it is the duty of the trial court to carefully scrutinize each criminal case brought before it involving a minor, to see that the defendant fully understands his constitutional and statutory rights and, in case he wishes to waive them, that he fully comprehends the import of his acts. Furthermore, it is proper in all cases where any doubt arises, for the court to furnish counsel assistance regardless of the minor's express desire. Nevertheless, while we would prefer that trial courts appoint counsel for all minors charged with serious crimes, we do not find that the present law compels them to do so.

Further discussion would unduly prolong this opinion. We find in this record no such facts as would lead to the conclusion that petitioner did not understand his rights, did not comprehend his acts in waiving counsel, and did not willfully and intelligently do so. It must be concluded that he did receive fair trials in each matter and was not denied due process of law either under the State or Federal Constitution.

The judgment of the trial court is reversed, the writ discharged, and petitioner is remanded to the custody of the warden of the state penitentiary at Fort Madison, Iowa.—Reversed and writ discharged.

All JUSTICES concur.