**STATE of Iowa, Appellee,**

v.

**Martin R. JONES, Appellant.**

**No. 58007.**

Supreme Court of Iowa.

Feb. 18, 1976.

Camp & Harsh and Paul J. Boysen, Jr., Creston, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., Des Moines, and Robert A. Rolfe, County Atty., Creston, for appellant.

Submitted to MOORE, C. J., and MASON, LeGRAND, REES and HARRIS, JJ.

REES, Justice.

On November 22, 1974, defendant was charged in four separate true informations with the crimes of (1) possession of a controlled substance, namely tetrahydrocannabinol, (2) possession of a controlled substance, namely, lysergic acid diethylamide, (3) possession, with intent to deliver, of a controlled substance, namely, methamphetamine, and (4) resisting execution of process. Defendant was arraigned, and entered not guilty pleas on all charges on the same date. On December 13, 1974, defendant

appeared with his then counsel, Mr. Harold DeKay, withdrew his not guilty plea to the first charge, possession of tetrahydrocannabinol, and pleaded guilty thereto. As the result of a plea bargaining arrangement the three remaining informations were dismissed.

The record abundantly satisfies us the proceedings on November 22, 1974, before Judge Thomas S. Bown, comported with the guidelines laid down by us in *State v. Sisco*, 169 N.W.2d 542 (Iowa 1969), and in *Brainard v. State*, 222 N.W.2d 711 (Iowa 1974). After an extended colloquy between Judge Bown, the defendant and defendant's counsel we find the following occurred:

"THE COURT: I find you are acting freely and voluntarily; that you fully understand your rights; that you fully understand the consequences of your plea, and that there is a factual basis for that plea, so I am going to accept your plea and on your plea I find you guilty of possession of a controlled substance, to-wit: marijuana.

"I am ordering a pre-sentence investigation and once the pre-sentence investigation report is received, a sentencing date will be fixed.

"That will be the order.

"MR. ROLFE [County Attorney]: Mr. DeKay tells me he is going to Spain shortly.

"THE COURT: I understand that.

"MR. DeKAY: I don't have to be here for the sentencing.

"THE COURT: Mr. DeKay is leaving and won't be available at the time that the pre-sentence investigation is received by me and at the time of sentencing. Is it satisfactory if we proceed even though Mr. DeKay is not here?

"THE DEFENDANT: Yes. It is just sentencing, isn't it?

"THE COURT: Yes. That will be satisfactory?

"THE DEFENDANT: Yes."

On January 17, 1975, defendant appeared in open court, unaccompanied by counsel, before Judge James E. Hughes. We excerpt the following from the record:

"THE COURT: Is the state ready to proceed in this matter?

"MR. ROLFE: State is ready, your Honor.

"THE COURT: Is the defendant present and ready to proceed?

"THE DEFENDANT: Yes.

"THE COURT: Let the record show that on December 13, 1974, the defendant withdrew his plea of not guilty heretofore entered in this cause and entered a plea of guilty to the charge of possession of a controlled substance and that this date was fixed for sentencing.

"Mr. Rolfe, do you have a statement to make to the court in regard to Mr. DeKay not being present with the defendant at this time?

"MR. ROLFE: Yes. May it please the court, I would like to advise the court of some previous proceedings we have had in this case because this court is not the court that was present this last quarter.

"The defendant, Martin R. Jones, was charged with four different offenses. They were: Possession of LSD . . . amphetamines with intent to deliver . . . resisting execution of process . . . and possession of marijuana.

"Between Judge Bown, Harold DeKay, the defendant's attorney, and myself, the defendant agreed to plead guilty to the charge of possession of marijuana, which is the charge before the court today.

"The other three charges then, pursuant to that agreement, were to be dismissed. There was no agreement as to sentencing in this case.

" * * *

"THE COURT: What about Mr. DeKay not being present?

"MR. ROLFE: During that bargaining session I mentioned, it was agreed that . . . as Mr. DeKay was going to be on vacation at the time defendant would normally be sentenced . . . agreed that he could be sentenced without Mr. DeKay's presence.

"THE COURT: Mr. Jones, you have heard the statements just made by Mr. Rolfe. Are those statements correct?

"THE DEFENDANT: Yes.

"THE COURT: And it is agreeable with you that we proceed to impose sentence at this time without your attorney, Mr. DeKay, being present?

"THE DEFENDANT: Yes. I guess so.

"THE COURT: Well, the court understands he is in Spain. He cannot be present today. Is that your understanding?

"THE DEFENDANT: Yes.

"THE COURT: As the court understands it, it was understood between the county attorney, the court and Mr. DeKay that you could be sentenced without his being present . . .

"DEFENDANT: Yes.

"THE COURT: . . . since it is a misdemeanor here. Do you understand that?

"THE DEFENDANT: Yes."

Thereupon the court sentenced defendant to imprisonment in the county jail for a period of not more than six months, and ordered that 60 days of the sentence be suspended during defendant's good behavior, and further, that defendant be given credit for 46 days he had been incarcerated prior to the sentencing procedure. Here again the *Sisco* and *Brainard* guidelines were adequately complied with.

Defendant now asserts in this appeal trial court erred in sentencing him in absence of his counsel without first determining whether defendant had knowingly and in-telligently waived his right to counsel. He contends a defendant in a criminal proceeding is entitled to the "guiding hand of counsel" at every critical stage thereof, that sentencing is a "critical stage" of a criminal proceedings where substantial rights of a criminal defendant may be affected and that a defendant may waive his right to counsel only if the waiver is knowingly and intelligently made.

I. We have no quarrel with the abstract propositions of law advanced by defendant, nor with the many citations of authority he cites to support such propositions. We must conclude, however, they are without merit when applied to the facts in this case.

We have said a defendant's right to counsel, afforded him constitutionally under Amendment 6 of the Constitution of the United States and Article I, section 10, of the Constitution of Iowa, and statutorily under section 775.4, The Code, extends to the sentencing proceeding. *State v. Cole,* 168 N.W.2d 37, 39 (Iowa 1969). See also *Losieau v. Sigler, Warden,* 406 F.2d 795, 8 Cir. 1969, and citations.

Such right to counsel is, however, subject to waiver. A waiver of either a statutory or constitutional right must be a voluntary, intentional act done with actual knowledge of the existence and meaning of the rights involved and with full understanding of the direct consequences of the waiver. *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (and annotation appearing in 25 L.Ed.2d 1021–1060). See also *State v. Quinn,* 197 N.W.2d 624 (Iowa 1972); *Carpentier v. Lainson,* 248 Iowa 1275, 84 N.W.2d 32.

We conclude the record in this case shows a valid, unequivocal and binding waiver by defendant of his right to representation by counsel at the sentencing proceeding. His waiver was clearly made with actual knowledge of the existence and meaning of his rights and with a full under-

standing of the direct consequences of the waiver.

We find no reversible error, and affirm.

Affirmed.