Robert **WILLIAMS, Jr.,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–84–0253–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 2, 1985.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., James C. Brough, Harris County Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and COHEN and DUNN, JJ.

## OPINION

COHEN, Justice.

This appeal is taken from a conviction for theft over $10,000. Trial was to a jury which assessed the punishment at 20 years confinement. The sufficiency of the evidence is not challenged. It shows that appellant absconded with money entrusted to him by his employer, Ramada Inn.

The first two grounds of error contend that the trial court erred in allowing appellant to represent himself at his trial. Appellant contends that he did not make a knowing and intelligent waiver of his right to counsel, and that he was unaware of the dangers and disadvantages of self-representation. The law pertaining to self-representation strikes a balance between two constitutional rights: the right to self-representation, and the right to representation by counsel. A valid waiver of the right to counsel is a prerequisite to an assertion of the right to self-representation. Waiver is the intentional relinquishment of a known right. *Barbour v. State*, 551 S.W.2d 371 (Tex.Crim.App.1977). The waiver of a fundamental right such as representation by counsel is not lightly inferred. *Id.* For these reasons, the desire to represent oneself does not itself act as a waiver of the right to counsel; the record must show that the defendant understands the dangers and disadvantages of self-representation. *Campbell v. State*, 606 S.W.2d 862 (Tex.Crim.App.1980).

Appellant argues that the trial court's warnings regarding the dangers of self-representation were inadequate to enable him to waive his right to counsel. Whether the right to counsel is knowingly waived does not depend only on what the trial judge tells a defendant. The issue is whether the defendant waived counsel knowing the dangers and disadvantages of self-representation. If the entire record shows that the defendant understood those dangers, reversal is not required merely because of deficiencies in the court's warnings.

*Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), requires only a knowing and intelligent relinquishment of the benefits associated with the right to counsel and, to reflect that relinquishment, the defendant "should be made aware of the dangers and disadvantages of self-representation so that *the record* will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Martin v. State*, 630 S.W.2d 952, 954 (Tex. Crim.App.1982) (emphasis added). The *Martin* Court found that *Faretta* does not require any particular set of inquiries by the trial court into a defendant's age, education, or background, for the record may be otherwise sufficient for the appellate court to determine whether there was a knowing exercise of the right to self-representation. *Id.*

Using this standard, the Court in *Martin* examined the entire record for its bearing upon the question of whether the defendant knowingly exercised his right of self-representation. The Court commented on Martin's familiarity with the criminal justice system. It noted his timely and consistent assertion of the right to pro se representation. It evaluated the warnings given Martin regarding the dangers and disadvantages of self-representation, but then went further and examined Martin's participation in his trial, observing that he: conducted voir dire of the jury panel; prepared a request for issuance of subpoenas

for witnesses; protested his absence at the hearing of a motion for continuance; and successfully moved for a continuance. The Court concluded that "from initial demand for self-representation, through the ... completed trial, ... the record establishe[d] that appellant knew what he was doing and his choice was made with eyes open." *Id.* at 955–56.

There are several parallels between *Martin* and the case at bar. The defendants both had prior convictions and thus had some familiarity with the criminal justice system. Both asserted their right to self-representation consistently and well in advance of trial. Both defendants were given similar warnings by two different judges regarding the dangers of self-representation. Martin was warned that the court would hold him to the same standards as an attorney, that he would be bound by the rules of evidence and procedure, and that the court could think of no substantial benefit to self-representation. The court advised the appellant in the instant case that it did not recommend that he represent himself because he was not well versed in the law, and that he would have to conduct himself like a lawyer and abide by all rules of law irrespective of his opinion of those rules. A fact distinguishing the two cases is that the trial court appointed an attorney three months before trial to assist appellant in both the preparation and trial of the instant case.

In preparing his defense, the appellant filed numerous pre-trial motions, including a motion to suppress evidence, a motion for discovery, motions to quash, and writs of habeas corpus. These motions demonstrate an understanding of criminal procedure well beyond that of the average layman. The appellant also did a credible job in probing the State's case and in presenting his defense. He invoked the rule at the beginning of trial. During testimony, he raised questions regarding the ownership of the stolen property, questioned the absence of a witness to the alleged delivery of the money to him, and probed the accuracy of the dollar figure for the money stolen. He took a State's witness on voir dire and tested the predicate for the admissibility of certain business records. He conducted a hearing on his motion to suppress evidence seized at the time of his arrest, resulting in the suppression of evidence that he was driving a stolen vehicle. At the end of the State's evidence, he moved for an instructed verdict. During the punishment phase of trial, his timely objection prevented the reading of portions of his pen packet to the jury. The sophisticated understanding of criminal law and procedure which the appellant demonstrated at trial proves that, when he waived his right of counsel, he knew what he was doing and made his choice with eyes open. *Faretta v. California, supra.* The first and second grounds of error are overruled.

Appellant's third ground of error contends that the trial court erred in granting his motion to appear pro se because the court did not investigate his financial status and advise him of his right to have an attorney appointed to represent him if he were indigent. Appellant was initially represented by retained counsel, but appellant and his attorney both requested that the attorney be allowed to withdraw. This request was granted, and counsel returned $1,500 to appellant as a full refund of attorney's fees. The subject of appellant's ability to afford other representation was addressed in the following colloquy:

THE COURT: You have the money, and you are not an indigent person?

THE DEFENDANT: No.

THE COURT: But you just don't want a lawyer?

THE DEFENDANT: No, sir.

THE COURT: When you say, "No, sir," that means you do not want a lawyer?

THE DEFENDANT: No, sir, I do not want a lawyer.

THE COURT: You do have the money to hire a lawyer, if you wanted a lawyer?

THE DEFENDANT: Yes, sir, I do have the money to hire a lawyer.

Appellant argues that, despite the fact that he stated that he was not indigent, he should have been advised that, if he had been, he would have been entitled to court-appointed representation. He further asserts that the court should have inquired into his financial status a second time when his case came to trial to ascertain whether he had become indigent during the interim period.

■■■ The question of whether an accused is indigent and thus entitled to an appointed attorney turns upon the facts of each individual case. *Ex parte Bain,* 568 S.W.2d 356 (Tex.Crim.App.1978). There is no duty to appoint counsel for an accused absent a showing of indigency. *Harriel v. State,* 572 S.W.2d 535 (Tex.Crim.App.1978). Appellant did not request that an attorney be appointed to represent him and never claimed to be indigent. He instead stated that he could afford an attorney but did not want one. Having asserted that he wished to represent himself and that he could afford to employ an attorney, it became appellant's responsibility to inform the trial court if he wanted representation by counsel but could no longer afford it. *See Ex parte Grayson,* 153 Tex.Crim. 91, 217 S.W.2d 1007, *cert. denied* 338 U.S. 873, 70 S.Ct. 135, 94 L.Ed. 536 (1949). There was no error in the court's decision not to discuss what appellant's rights would have been under other facts. *See Jamail v. State,* 574 S.W.2d 137 (Tex.Crim.App.1978). The third ground of error is overruled.

■ The fourth ground of error contends that the trial court erred in overruling his motion to quash. He contends that the description of the stolen property as "money" was impermissibly vague. *See* Tex. Code Crim.P.Ann. art. 21.09 (Vernon Supp.1985). This contention is without merit. *Ellingsworth v. State,* 487 S.W.2d 108 (Tex.Crim.App.1972). The fourth ground of error is overruled.

The judgment of the trial court is affirmed.