# IN THE COURT OF APPEALS OF IOWA

No. 23-0052
Filed April 1, 2026

**State of Iowa,**
Plaintiff–Appellee,
v.
**Sherrell Quintrad Robinson,**
Defendant–Appellant.

Appeal from the Iowa District Court for Scott County,
The Honorable John D. Telleen (plea) and The Honorable Meghan Corbin
(sentencing), Judges.

**AFFIRMED**

Christopher A. Clausen of Clausen Law Office, Ames, attorney for
appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, attorneys for appellee.

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ. Telleen, S.J., takes no part.
Opinion by Sandy, J.

**SANDY, Judge.**

Sherrell Quintrad Robinson entered an *Alford* plea,[1] waived counsel, and delayed sentencing for years. When sentencing finally occurred, the district court held him to his choices. We affirm.

## BACKGROUND FACTS AND PROCEEDINGS

In October 2015, the State charged Robinson by trial information with possession with intent to deliver a schedule II controlled substance (powder cocaine), a class "C" felony, and a drug tax stamp violation, a class "D" felony. Robinson initially entered a plea of not guilty. After the district court denied a motion to suppress, Robinson entered into a negotiated agreement and, in August 2016, tendered an *Alford* plea to possession with intent to deliver with the State agreeing to drop the drug-tax-stamp count. During the plea hearing, Robinson acknowledged that although he did not admit to committing the offense, he believed entering the plea was in his best interest in light of the evidence and the likelihood of conviction at trial. The district court accepted the plea and scheduled sentencing.

In February 2017—approximately six months after entry of the plea—Robinson filed a motion in arrest of judgment challenging the validity of the plea. The case did not proceed to immediate sentencing. The record reflects multiple continuances, failures to appear, issuance of warrants, changes in counsel, and various motions filed over the ensuing years. Robinson ultimately elected to represent himself. Following a colloquy, the district court found his waiver of counsel was made knowingly, intelligently, and voluntarily, and granted his request to proceed pro se without standby

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (permitting a criminal defendant to enter a guilty plea without admitting guilt).

counsel. Sentencing was finally held on December 28, 2022. Robinson appeared pro se.

During the hearing, he asserted that he had not validly entered a plea, questioned the accuracy of the transcript, renewed references to his motion in arrest of judgment, and requested appointment of counsel. The district court noted Robinson's prior waiver of counsel and his rejection of standby counsel and proceeded with sentencing. The court also addressed the motion in arrest of judgment on the record, finding it both untimely and without merit. On December 29, the court entered its written sentencing order. Pursuant to the plea agreement, the drug-tax-stamp count was dismissed. Robinson was sentenced to an indeterminate term not to exceed ten years in the custody of the Iowa Department of Corrections, assessed a $1,000 fine plus surcharge, and ordered to pay restitution as provided by statute. He was advised of the limited right to seek permission to appeal following a guilty plea. Robinson filed a timely notice of appeal.

## STANDARD OF REVIEW

Generally, review of a ruling on a motion in arrest of judgment is for abuse of discretion. *See State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). A ruling on a claim that a constitutional right to counsel was violated is reviewed de novo. *See State v. Sallis*, 981 N.W.2d 336, 344 (Iowa 2022).

## DISCUSSION

### I.  Motion in Arrest of Judgment.[2]

Robinson did not file his motion in arrest of judgment within the required timeframe. *See* Iowa R. Crim. P. 2.24(3)(b). Instead, the motion was

---

[2] Iowa Code section 814.6(2)(f) requires a criminal defendant to seek discretionary review of a motion-in-arrest-of-judgment ruling. *See, e.g.*, *State v.*

six months after the plea had been accepted. At sentencing, the district court expressly ruled on the motion, finding it both untimely and without merit. An untimely motion in arrest of judgment provides an independent basis to deny relief. *Smith*, 753 N.W.2d at 564–65. Robinson's appellate argument does not meaningfully address the untimeliness determination. On this record, the district court did not err in denying the motion in arrest of judgment.

## II.    Validity of Plea.

Robinson next challenges the validity of his *Alford* plea, arguing that it was not entered knowingly and voluntarily. However, Robinson failed to timely file his motion in arrest of judgment, thereby precluding his ability to challenge the validity of the plea on appeal. *See State v. Hanes*, 981 N.W.2d 454, 458–59 (Iowa 2022); *see also* Iowa R. Crim. P. 2.24(3).

## III.    Imposition of Sentence.

Robinson next argues the sentencing court erred in denying his request for appointed counsel on the day of sentencing. A defendant has a constitutional right to counsel at all critical stages of a criminal proceeding, including sentencing. *Iowa v. Tovar*, 541 U.S. 77, 80–81 (2004); *State v. Majeres*, 722 N.W.2d 179, 182 (Iowa 2006). That right, however, may be knowingly and intelligently waived. *Tovar*, 541 U.S. at 81.

---

*Richardson*, No. 22-2041, 2023 WL 7391802, at *1 (Iowa Ct. App. Nov. 8, 2023); *State v. Tutson*, No. 21-0990, 2022 WL 1236763, at *1–2 (Iowa Ct. App. Apr. 27, 2022); *State v. Scott*, No. 20-1453, 2022 WL 610570, at *4 (Iowa Ct. App. Mar. 2, 2022). Given our resolution of the other issue on appeal, and in the interest of completeness, we exercise our discretion to grant review of the motion-in-arrest ruling and affirm.

The record reflects that Robinson expressly elected to represent himself and, after a colloquy, the district court found his waiver of counsel was knowing, intelligent, and voluntary. He also declined standby counsel. At the sentencing hearing—after extended procedural delays and multiple changes in representation—Robinson requested appointed counsel. The district court noted his prior waiver and his rejection of standby counsel and concluded the late request did not warrant further delay. The district court was correct in its conclusion.

As the State's briefing correctly asserts, a valid waiver of counsel carries binding effect. *See State v. Jones*, 238 N.W.2d 790, 792–93 (Iowa 1976). While courts retain discretion to permit rescission of a waiver in appropriate circumstances, they are not required to allow a defendant to alternate between representation and self-representation in a manner that disrupts or delays proceedings. *See State v. Lopez*, 633 N.W.2d 774, 779 (Iowa 2001). The record supports the district court's assessment that Robinson had repeatedly changed positions regarding counsel and had engaged in conduct that significantly delayed sentencing. On our de novo review, the record establishes that Robinson knowingly waived counsel and that the district court acted within constitutional bounds in holding him to that waiver during sentencing.

**AFFIRMED.**