Chester Delwood Mann, appellant, v. Percy A. Lainson, warden, Iowa State Penitentiary, appellee.

No. 49605.

(Reported in 94 N.W.2d 759)

February 10, 1959.

Chester Delwood Mann, pro se.

Norman A. Erbe, Attorney General, and Hugh V. Faulkner, Assistant Attorney General, for appellee.

Hays, J.—Petitioner was indicted, tried and convicted in Polk District Court of violating section 708.8, Code of 1954.

On September 25, 1957, after motion for a new trial had been overruled, he was sentenced to a term in the State Penitentiary as prescribed by said statute, where he is now being detained. No appeal was taken.

May 25, 1958, petitioner, appearing pro se, presented to the Honorable W. Logan Huiskamp, a Judge of the First Judicial District of Iowa, a petition for a Writ of Habeas Corpus, therein alleging that the defendant, warden of said penitentiary, is illegally restraining him of his liberty. The petition was denied by said Judge and petitioner appeals.

The record before this court consists of a copy of the indictment, under which appellant was tried and convicted, a copy of the judgment entered in the criminal proceedings, a copy of the mittimus in said case and the petition setting forth the basis for the relief asked. The basis of the action is that appellant was denied "Due Process" and "Equal Protection" as guaranteed him by the Fourteenth Amendment to the United States Constitution. In his brief and argument he states the issue to be, "Whether counsel appointed by the court was competent and square, and did the counsel appointed by the court put forth the same effort as attorney of appellant's choice would have done, if appellant would have been allowed to hire counsel." As to this last proposition we disclaim sufficient clairvoyance to answer it.

██ The rule is well settled that it is not the purpose of a habeas corpus proceeding to determine the guilt or innocence of the prisoner of the crime charged, nor to pass upon the errors in his trial, nor to retry the facts and pass upon the sufficiency of the evidence to sustain the charge. Unless there was no jurisdiction in the court, the judgment is not void and may not be collaterally attacked by habeas corpus. Carpentier v. Lainson, 248 Iowa 1275, 84 N.W.2d 32. However, this case, recognizing what was said in Sewell v. Lainson, 244 Iowa 555, 57 N.W.2d 556, and State v. Karston, 247 Iowa 32, 72 N.W.2d 463, states that a lack of effective counsel may constitute a jurisdictional defect reviewable by habeas corpus.

All this court has before it, as did the Judge to whom the petition was presented, is the naked (verified) statement of appellant dealing with the conduct of his attorney. He was

arrested June 3, 1957, and employed his own counsel. August 19 he was informed his counsel had withdrawn. This same date the court appointed counsel to act in the event he could not employ his own. On the next day, after talking with appellant, this counsel withdrew and another attorney, Laurence Myers, was appointed. If any objection was made to such appointment the petition does not show it. Trial was had at the September term of court.

■ Incompetency of his attorney, Myers, rests upon the naked assertions of appellant that Myers was appointed upon the direction of the county attorney and was subservient to him; that through a deal with the county attorney, reporting of the impaneling of the jury, final arguments and rebuttal were waived, thus preventing an appeal; he failed to cross-examine effectively certain witnesses or to offer evidence that was available to him; and a few other instances of like character. We are committed to the rule that one charged with a crime is entitled to the assistance of effective counsel, but we also recognize that the burden is upon the petitioner to make a prima-facie showing in his petition before the writ should issue.

■ Viewing the petition in the light most favorable to appellant we find nothing but his conclusions, unsupported by any showing of what transpired at the trial under the indictment. While the right of all to petition for a Writ of Habeas Corpus is guaranteed under the Constitution and should be liberally construed, it is not a proceeding by which one, who has been duly convicted in the courts of this state, may rehash and retry the original case upon random statements and conclusions which, if true, should be handled by appeal. Such is this case and we find nothing therein which calls for the issuance of such a writ.—Affirmed.

All JUSTICES concur.