Charles WASHINGTON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17528.

United States Court of Appeals Ninth Circuit.

Dec. 16, 1961.

Rehearing Denied Feb. 20, 1962.

Morris Lavine, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Division, and John K. van de Kamp, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and TAYLOR, District Judge.

PER CURIAM.

A four count indictment was returned by the Grand Jury for the Southern District of California, charging appellant and co-defendant Wendell Long with various violations of Federal Narcotics laws, namely Title 26 United States Code, § 4705(a). Appellant was charged in three counts. Codefendant Long pleaded guilty, and the trial proceeded as scheduled against appellant and concluded on February 6, 1959, at which time the jury found appellant guilty on all three counts with which he was charged.

Appellant was sentenced to twenty years on each of the three counts, each sentence to run concurrently. Appellant, with his consent, was represented at the sentencing by counsel who represented codefendant Long throughout the proceedings.

Subsequently, appellant filed a motion to vacate an illegal sentence. Hearing was held, appellant being present throughout the hearing and represented by counsel. Evidence was received, and the testimony of witnesses was heard including that of the appellant and his counsel at his trial. The only question before the court was whether appellant was provided with competent and effective counsel at the proceedings leading to his conviction and sentence. Appellant's motion to vacate an illegal sentence was denied. From this order, this appeal is taken.

We have carefully examined the Clerk's Transcript; the Reporter's Transcript of the record at the trial below; that made at the time of sentencing; that made on the hearing of the motion to vacate an illegal sentence. (28 U.S.C. § 2255.)

We agree with the trial judge that appellant was adequately, fully, and fairly represented by counsel of his own choice, both at his arraignment, during his trial, at his sentencing, and on his subsequent motion. It is elemental that he is entitled to such representation by counsel (Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Edwards v. United States, 1944, 78 U.S. App.D.C. 226, 139 F.2d 365), and clear that he fully received it.

Here there was no mere perfunctory appearance of counsel. Appellant's counsel was cautioned for being *too vigorous* in his client's defense. Even now, appellant can point out no evidence that was then or now available to him that was not used, at the trial. He chose to rely on his codefendant's testimony.

Where appellant was represented at all times by counsel, to prevail on a charge of inadequate representation it is

necessary to show that which was done or not done by counsel for appellant which made his trial a farce and mockery of justice, shocking to the conscience of the court. Stanley v. United States, 9 Cir., 1957, 239 F.2d 765; Latimer v. Cranor, 9 Cir., 1954, 214 F.2d 926, 929.

No such a showing has here been made nor has even an attempt been made to demonstrate such a proceeding.

■ The order of the district court denying appellant's motion to vacate and set aside his alleged illegal sentence is affirmed.