JOSEPH R. NELSON, appellant, v. JOHN E. BENNETT, appellee.

No. 51126.

(Reported in 123 N.W.2d 864)

774

October 15, 1963.

Joseph R. Nelson, appellant, pro se.

Evan Hultman, Attorney General, and John H. Allen, Assistant Attorney General, for appellee.

SNELL, J.—Appellant, petitioner, a prisoner in the penitentiary, appeals to us from the denial of his petition for Writ of Habeas Corpus by the district court.

By county attorney's information appellant was charged with the offense of uttering a false instrument. (Section 718.2, Code of Iowa) He was arraigned. In open court and in the presence of appellant and his counsel the charge was amended and reduced. By the amendment appellant was charged with false drawing or uttering of a check. (Section 713.3, Code of Iowa) A plea of guilty was entered and sentence to the penitentiary for not to exceed seven years imposed.

By petition for Writ of Habeas Corpus appellant claims he is illegally imprisoned. He sets forth and relies on seven grounds. We will consider them in order.

I. Appellant claims he was illegally charged by information rather than indictment by a grand jury. He claims a grand jury was in session. He claims violation of his constitutional rights.

 Neither the "due process" clause in the 14th Amendment nor the 5th Amendment to the Constitution of the United States

providing "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury," requires an indictment in a state court. Neither restricts the legislative authority of the states in this field. Hurtado v. People of California, 110 U. S. 516, 4 S. Ct. 111, 28 L. Ed. 232; State v. Ostby, 203 Iowa 333, 337, 212 N.W. 550.

The Constitution of the State of Iowa says that the General Assembly may provide for holding persons to answer for any criminal offense without the intervention of a grand jury. 1884 Amendment No. 3. Chapter 769, Code of Iowa, authorizes prosecution on information by the county attorney.

 Habeas corpus does not supplant an appeal nor provide a forum for the determination of one's guilt or innocence. It goes only to the jurisdiction of the court to render the judgment in question. Rodgers v. Bennett, 252 Iowa 191, 105 N.W.2d 507; Mahar v. Lainson, 247 Iowa 297, 301, 72 N.W.2d 516. The only germane issues involve jurisdiction, due process, and the included question of the existence of the crime charged. Mart v. Lainson, 239 Iowa 21, 23, 30 N.W.2d 305.

 Section 769.2, Code of Iowa, permits the county attorney to file an information at anytime when the grand jury is not actually in session. Section 769.7 requires the approval of a judge of the district court. In the case before us there is no showing that the grand jury was actually in session. That it may have been in session at sometime during the day does not invalidate the information. The approval by the district court constitutes a judicial determination that the law was followed and that the grand jury was not actually in session. Thrasher v. Haynes, 221 Iowa 1137, 264 N.W. 915; Marsh v. Hollowell, 215 Iowa 950, 247 N.W. 304.

II. Appellant contends that no warrant was issued for his arrest on the amended charge.

 We know of no law that required the issuance of a new warrant to give the court jurisdiction. Appellant says in the record that he had surrendered himself to the authorities. He was in custody. He was under arrest. Prior issuance of a warrant is not an absolute prerequisite to an arrest. Our law

recognizes arrests without a warrant. See section 755.2 and chapter 758, Code of Iowa. Appellant was present in court when the information was amended. The fact that a new warrant was not issued after the information was amended did not affect the jurisdiction of the court.

III. Appellant contends that he was denied adequate counsel.

Under the record before us the naked, although verified, petition does not show lack of jurisdiction.

While appellant's guilt is not the issue in habeas corpus we note that nowhere does appellant proclaim his innocence or deny his guilt. Apparently he has consistently admitted guilt. He does not claim that his plea was involuntary or contrary to his wishes.

Neither a plea of guilty nor a conviction by a jury proves inadequacy of counsel. The fact that appellant is in prison does not indicate that appellant was inadequately or improperly represented or badly advised.

What brought about the reduction of the charge against appellant does not appear but the fact that it was reduced would indicate adequacy rather than inadequacy of counsel. Appellant's present dissatisfaction and claim that his case should have been handled in a different manner do not support a claim of inadequate representation or lack of due process.

In Mann v. Lainson, 250 Iowa 529, 94 N.W.2d 759, we reaffirmed the rule that unless there was no jurisdiction the judgment is not void and may not be collaterally attacked by habeas corpus, recognizing, however, that lack of effective counsel may constitute a jurisdictional defect reviewable by habeas corpus. We then said:

"We are committed to the rule that one charged with a crime is entitled to the assistance of effective counsel, but we also recognize that the burden is upon the petitioner to make a prima facie showing in his petition before the writ should issue.

"Viewing the petition in the light most favorable to appellant we find nothing but his conclusions, unsupported by any showing of what transpired at the trial under the indictment. While the right of all to petition for a Writ of Habeas Corpus is

guaranteed under the Constitution and should be liberally construed, it is not a proceeding by which one, who has been duly convicted in the courts of this state, may rehash and retry the original case upon random statements and conclusions which, if true, should be handled by appeal. Such is this case and we find nothing therein which calls for the issuance of such a writ." Loc. cit. 531.

What we said in that case is applicable here.

IV. Appellant says he was denied a fair and impartial trial. In support he says that at the time he was taken into court the public was aroused over crimes of violence. He also says that he was compelled to sit at the county attorney's table instead of with counsel for defense.

Here there was no trial by jury. Just what the attitude of the community toward crimes of violence might have been or what the seating arrangement in the courtroom had to do with the jurisdiction of the court to entertain, hear a plea of guilty and impose sentence in a false check case does not appear.

V. Appellant claims that the admission of a statement alleged to have been made by appellant was used contrary to law.

Attached to the county attorney's information and in support thereof is a statement that the sheriff among other things would testify that he arrested appellant. Appellant says this statement is false and that he actually surrendered himself to authorities and was taken into custody by the deputy sheriff. There is no showing that the minutes attached to the information were ever used at the time of hearing in court. The question as to who actually arrested appellant is wholly immaterial. Appellant is in prison following and as a result of his plea of guilty. After his plea of guilty he may not now in habeas corpus attack the accuracy of the minutes attached to the information as to who arrested him.

VI. Appellant says the amendment to county attorney's information was made contrary to law.

From appellant's petition it appears that the amendment was made in open court in the presence of appellant and his counsel and that no objection was made thereto. The amendment reduced the charge and reduced the maximum pen-

alty by three years. Just why appellant or his counsel should have objected does not appear.

We have held that a county attorney's information may be amended as to substance or of form.

In State v. Girdler, 251 Iowa 1214, 102 N.W.2d 872, it was claimed that an information may not be amended as to matters of substance and that the amended information was not approved and signed by the court. We said:

"Here the defendant cites case authorities and statutes dealing with indictments. But an information stands upon a different footing. It is not the action of a grand jury, but of the county attorney; and we perceive no reason why, if he may file the information in the first instance, he may not, with the permission of the court, amend it either as to matters of substance or of form. The question is decided against defendant's contention in State v. Hartung, 239 Iowa 414, 421, 422, 423, 30 N.W.2d 491, 494, 495, 496, with other authorities there cited." Loc. cit. 1217.

To the amended information appellant entered a plea of guilty. The court had jurisdiction to proceed. Appellant may not now be heard to complain by way of habeas corpus.

▪ VII. Appellant says that the mittimus under which he is held is illegal. He points out that reference was to an indictment when in fact appellant was prosecuted on information. The offense was identified by name but the section number of the statute does not appear. If there was a valid judgment of imprisonment, and in this case there was, defects in the mittimus are immaterial. Joyner v. Findley, 199 Iowa 782, 202 N.W. 831.

We find no merit in appellant's claims. The denial of the petition for Writ of Habeas Corpus by the trial court was proper.

The case is—Affirmed.

All JUSTICES concur.