Frederick B. KILGORE, Appellant,

v.

UNITED STATES of America,
Appellee.

Robert L. KILGORE, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 17234, 17235.

United States Court of Appeals
Eighth Circuit.

Oct. 18, 1963.

H. George Lafferty, Jr., Kansas City,
Mo., for appellant.

John O. Garaas, U. S. Atty., Fargo,
N. D., for appellee.

Before VOGEL, MATTHES and
MEHAFFY, Circuit Judges.

VOGEL, *Circuit Judge.*

Frederick B. Kilgore and Robert L. Kilgore, brothers, were arrested on August 7, 1962, within the District of North Dakota on a criminal complaint charging them with importing and bringing into the United States for the purpose of prostitution one Margaret Anne Smith, an alien. Both appellants were released on bond, Robert L. on August 21st and Frederick B. on August 30th. On September 7, 1962, an indictment was returned by a grand jury charging the two appellants with the violation of 8 U.S.C.A. § 1328. In response to notification by the clerk of court, the appellants appeared before the court on October 9, 1962, for arraignment at Minot, North Dakota. They were without counsel, stated that they were without funds to retain counsel and that they did desire such assistance. On the same day, the District Court appointed Moody M. Farhart of Minot, North Dakota, as counsel for the two appellants. The appellants entered pleas of not guilty and the case was set for trial on October 16, 1962. They continued free on bond pending trial, which commenced on the date set. A jury returned a verdict of guilty as to each of the appellants on October 18, 1962. On November 14, 1962, the District Court imposed sentence of imprisonment for a period of two years as to each appellant. After notices of appeal were filed, the District Court, in response to petitions of the appellants, permitted them to prosecute their appeal *in forma pauperis* and ordered that they be furnished a complete transcript of the evidence at government expense. They have continued free on bond pending the outcome of their appeal. In the appeal to this court the appellants are represented by counsel retained by them or by their employer and not by court-appointed counsel.

The single point upon which the appeal is premised is:

"Appellants contend that in the above-described criminal action their constitutional rights were not protected and were in fact denied to them by virtue of the fact that there was completely inadequate and ineffective representation in the case."

Supportive of the charge that court-appointed counsel was inadequate, ineffectual and failed to protect the constitutional rights of the appellants, present counsel points out that the transcript is devoid of any mention of the following:

"1. Request for change of venue.

"2. Motion for severance of trial for the two appellants, as provided by Rule 14 of the Federal Practice and Procedure.

"3. Motion for inspection under Rule 16 of the Federal Practice and Procedure, which would, perhaps, have allowed for inspection and copying of certain papers and documents or tangible objects obtained from or belonging to the appellants or obtained from others by seizure or by process, which items may have been material to the preparation of the defense of the appellants.

"4. There were no depositions taken before trial.

"5. Appellants' counsel failed to obtain a list of witnesses to be used on behalf of the government.

"6. Appellants' counsel failed to prepare himself in any way for the defense of the suit.

"7. Appellants' counsel failed to submit written instructions to the jury upon submission of the case to the jury."

The transcript indicates that on the opening day of the trial, after the jury had been drawn, Mr. Farhart, the court-appointed counsel, moved to have the government witnesses removed from the courtroom, that the court direct the United States Attorney to give him a list of the government witnesses, the order in which they would be called, the statements they had made, if any, and any other documents that were to be introduced in the trial. The first motion with reference to removal of witnesses from the courtroom was argued and denied.

In an appeal to the court in support of his motion for the names of the govern-

ment witnesses and the order in which the government intended to call them, Mr. Farhart made the following statement upon which great reliance is had in this appeal:

> "Mr. Farhart: Yes, Your Honor. I have not had a chance to be present at the preliminary hearing, if there was one. I have no background on this case at all. I don't know who they are going to call or how to prepare for a cross-examination of these witnesses."

The motion was overruled.

■ As to the motion for the production of statements or documents, the court correctly ruled that until direct testimony had been given by the witnesses whose statements were sought, they could not be obtained. 18 U.S.C.A. § 3500. In its definitive discussion of the Jencks Act in Palermo v. United States, 1959, 360 U.S. 343, at page 349, 79 S.Ct. 1217, at page 1223, 3 L.Ed.2d 1287, the Supreme Court stated:

> "Subsection (a) requires that no statement of a government witness made to an agent of the Government and in the Government's possession shall be turned over to the defense until the witness has testified on direct examination."

See also Foster v. United States, 8 Cir., 1962, 308 F.2d 751. Subsequently during the trial statements from government witnesses who had testified were produced in accordance with the Jencks Act and were furnished to counsel.

We will consider appellants' charges of omissions on the part of court-appointed counsel in the order in which they are set forth above.

■■ 1. *Failure to request change of venue.* There is no showing whatsoever that prejudice existed against the appellants so as to justify a change of venue had one been asked or that the court should have granted one. The two appellants are nonresidents of North Dakota. The crime with which they were charged and convicted was committed in the Northwestern Division of the District of North Dakota where the appellants were arrested. The case was triable in Minot. Rule 18, Federal Rules of Criminal Procedure, 18 U.S.C.A. There is nothing in the entire record which reflects any reason or justification or grounds for the asking of a change of venue elsewhere. Rule 21, Federal Rules of Criminal Procedure, 18 U.S.C.A. Additionally, the granting of a change of venue is addressed peculiarly to the discretion of the trial court and a denial thereof will not be disturbed unless it is demonstrated that the denial was an abuse of discretion. Blumenfeld v. United States, 8 Cir., 1960, 284 F.2d 46, certiorari denied 365 U.S. 812, 81 S.Ct. 693, 5 L.Ed.2d 692; Connelly v. United States, 8 Cir., 1957, 249 F.2d 576, certiorari denied 356 U.S. 921, 78 S.Ct. 700, 2 L.Ed.2d 716; Callanan v. United States, 8 Cir., 1955, 223 F.2d 171.

■ 2. *Failure to ask for a severance.* The two appellants were indicted jointly. The acts charged were allegedly committed by each of them in the presence of the other and in the presence of Margaret Anne Smith. There is nothing to indicate that a motion for severance should or would have been granted had one been asked. Rule 14, Federal Rules of Criminal Procedure, 18 U.S.C.A., allows a severance of defendants only "If it appears that a defendant * * * is prejudiced * * *." There is nothing here which indicates that prejudice existed. Opper v. United States, 1954, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101, and Kansas City Star Co. v. United States, 8 Cir., 1957, 240 F.2d 643.

■ 3. *Failure to move for inspection under Rule 16.* Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that on motion a defendant may "inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the item sought may be material to the preparation of his defense and that the request is reasonable. * * *" There is an utter and complete

lack of any showing here of any need for a demand under Rule 16 and counsel on the appeal fails to point out or suggest any.

■ *4. Failure to take depositions.* There is no indication in the record that depositions should or could have been taken or that the appellants suffered any loss of rights by failure to take depositions of persons not even named or otherwise suggested.

*5. Counsel's failure to obtain a list of witnesses and the order in which they were to be used by the government.* This was not a capital case and the defendants were not entitled to have any such request granted. It was apparent, however, that court-appointed counsel did make the attempt. His motion was denied and no error is charged or was committed thereby.

■ *6. Counsel's failure to prepare for the defense.* Present counsel on the appeal in this court places great stress upon Mr. Farhart's statement to the District Court, supra. We have read the entire transcript, consisting of 219 pages. It discloses that counsel was alert and informed and capably enforced all of the appellants' rights throughout the trial. It discloses that upon the completion of direct examination of the government's main witness, Margaret Anne Smith, counsel obtained her 15-page statements for use in cross-examination; that he himself had interviewed her prior to trial and while she was held as a material witness in jail, albeit he did use an assumed name in interviewing her; that she had given other statements contradictory to her testimony in court and that counsel had prepared himself by becoming aware of that fact and had taken advantage thereof. In a number of instances by adroit cross-examination he brought out that the witness had made contradicting statements of fact, thus tending to discredit her testimony to the jury. The charge of failure to prepare is not supported by the record even when based upon counsel's argumentative statement to the court in trying to obtain the names of witnesses and the order of their appearance, to which he obviously was not entitled.

Present counsel's reliance upon Jones v. Cunningham, 4 Cir., 1963, 313 F.2d 347, is entirely misplaced. In Jones counsel was appointed on the very eve of trial. Jones was charged with six separate informations, the charges involving complicated legal issues, including a confession he made to the police over a period of three days during which he had been held incommunicado. Additionally, the record discloses that there was no time for proper consultation between Jones and his court-appointed counsel. His counsel took the position that inasmuch as Jones had confessed, there was nothing he could do for him and he rendered no service whatsoever. There are no parallels with the instant case. We must conclude that the charge of inadequacy of preparation is without foundation.

*7. Failure to submit written instructions.* In suggesting this, counsel fails to point out what instructions trial counsel should or could have requested. Nevertheless, because this is a charge of incompetency against court-appointed counsel, we have read with care the court's complete charge to the jury. We find it most adequate and without error. The charges of omission in this respect are completely baseless.

■■ Adequacy of court-appointed counsel for an indigent defendant in a criminal case may not be measured merely by the results obtained. Holt v. United States, 8 Cir., 1962, 303 F.2d 791, 795. The fact of conviction does not militate against the presumption of competency which attends every such appointment. Tibbett v. Hand, 10 Cir., 1961, 294 F.2d 68, 73, "Moreover, there was a presumption that * * * court-appointed counsel acted properly * * *."; United States ex rel. Randolph v. Dowd, 7 Cir., 1958, 259 F.2d 761, 763; Dorsey v. Gill, 1945, 80 U.S.App.D.C. 9, 148 F.2d 857, 876, certiorari denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003, "* * * assigned counsel are officers of the court; licensed to practice, upon proof of character and fitness to perform professional

·duties. There is a presumption of proper performance of duty by each of them ·* * *." Cf. Washington v. United States, 9 Cir., 1961, 297 F.2d 342, certiorari denied 370 U.S. 949, 82 S.Ct. 1597, ·8 L.Ed.2d 815, and Diggs v. Welch, 1945, ·80 U.S.App.D.C. 5, 148 F.2d 667, certiorari denied 325 U.S. 889, 65 S.Ct. 1576, ·89 L.Ed. 2002. A showing must be made before that presumption can be overcome. An examination of this entire record discloses nothing which court-appointed ·counsel did or did not do which could possibly have been prejudicial to the rights ·of the appellants. We are convinced that the appellants were well tried, adequately represented during such trial and fairly ·convicted by a jury before a careful and painstaking judge. The convictions must ·accordingly stand.

These cases are in all things affirmed.