LLOYD WOODSON, appellant, v. JOHN E. BENNETT, warden, Iowa State Penitentiary, Fort Madison, appellee.

No. 51384.

(Reported in 128 N.W.2d 903)

June 9, 1964.

Lloyd Woodson, appellant, pro se.

Evan Hultman, Attorney General, and John H. Allen, Assistant Attorney General, for appellee.

Moore, J.—Plaintiff, who was defendant in State v. Woodson, 244 Iowa 1262, 59 N.W.2d 556, filed a petition for a writ of habeas corpus in Lee County District Court. He alleged he was unlawfully restrained of his liberty by defendant, Warden John E. Bennett, of the Iowa State Penitentiary at Fort Madison. The trial court, being of the opinion the petition showed on its face plaintiff was not entitled to the relief demanded, refused the writ and included in the order his reasons for doing so. See sections 663.6 and 663.7, Code, 1962. Plaintiff has appealed.

The record filed here consists of a copy of: the petition for

writ, the judgment entry of September 5, 1952, showing defendant's plea of guilty to the crime of second-degree murder and his life sentence to be served at the state penitentiary, and the trial court's order refusing the writ and setting out in detail his reasons for the refusal.

Plaintiff claims he was denied due process. He alleges several reasons his conviction and sentence whereby he is now imprisoned are illegal. They are: (1) his conviction of second-degree murder was based solely on his confession which was obtained by coercion, (2) he was in jail 69 days without preliminary hearing, during which time he was threatened with bodily harm if he did not confess, (3) his attorney enticed him to make a confession, (4) he is innocent of the crime for which he stands convicted, and (5) he has a witness who will give material evidence in the case.

He also alleges the court was wholly without jurisdiction to enter a judgment of guilty and adjudge a sentence of life imprisonment upon his confession which was obtained by coercion.

As pointed out by the trial court these same questions were raised and decided adversely to plaintiff when he appealed his conviction to this court. See State v. Woodson, 244 Iowa 1262, 59 N.W.2d 556. Certiorari was denied by the United States Supreme Court. See 347 U. S. 907, 74 S. Ct. 433, 98 L. Ed. 1065.

In State v. Woodson, supra, starting at page 1264, 244 Iowa, page 557, 59 N.W.2d, we said:

"At the time the plea of guilty was entered the trial court disclosed much concern relative to the rights of the defendant. It particularly advised the appellant that the prosecution could not convict him without his confession and made inquiry whether the confession he had given was voluntarily made. The court also made several other statements relative to the rights given under the statute. A part of its questioning and comments, as well as the appellant's answers, are as follows:

" 'The Court: * * * Mr. Woodson, the Court has finally agreed to approve a second-degree murder charge. I want to tell you very frankly it is only because I realize that the State of Iowa couldn't convict you without your confession, because of the arrangements you have made with the County Attorney's office.

\* \* \* You were brought back here from Joliet sometime after June 23rd of this year. \* \* \* You have been confined in the jail since that time, since you returned here sometime in the middle of June? Mr. Woodson: Yes sir.

" 'The Court: And part of that time, you have been held there on failure to make bond on an escape charge, is that true? Mr. Woodson: Yes, sir.

" 'The Court: Now, you have made a confession of this crime on August 29, 1952. That is some two months after you were brought back on the charge and approximately two months after a time when you would have been entitled to a preliminary hearing. \* \* \* And after having been advised that your rights have been――you have not been given your full legal rights as the Court sees it, you still now want to reaffirm everything that is in that confession? You would make it just as freely now as you did on August 29th? Mr. Woodson: Yes, sir. \* \* \*

" 'The Court: As you stand here now, you feel――or do you feel, rather, that there is any right to which you are entitled under the law that has been deprived you that you now want to take advantage of? Mr. Woodson: No, sir. \* \* \*

" 'The Court: The confession you made on August 29th was voluntary, free? Mr. Woodson: Yes, sir.

" 'The Court: There were no threats or promises or anything of that nature made to you? Mr. Woodson: No, sir.

" 'The Court: The only thing given to you was the recommendation that it be second-degree murder rather than first, is that right? Mr. Woodson: Yes, sir. \* \* \*

" 'The Court: Let me put it this way to you. Were you ever advised by your counsel that the State of Iowa could probably not have convicted you or probably could not convict you of crime of which you are charged either in first or second degree were it not for your confession or unless you confessed. Let me ask you that. Did you know that? Mr. Woodson: No, sir. I didn't know that, no, sir.

" 'The Court: Well, assuming I would tell you now that that is probably the truth, do you still want to make that confession? Mr. Woodson: Yes, sir.

" 'The Court: And you are positive in your own mind that

you have been given all the representation that you are entitled to? Mr. Woodson: As far as I know, yes, sir. * * *

" 'The Court: Do you understand, Mr. Woodson, that your attorney is entering a plea of guilty to the crime of second-degree murder? Mr. Woodson: Yes, sir. * * *

" 'The Court: And knowing that fact, you still want to waive your time of sentence? Mr. Woodson: Yes, sir.

" 'The Court: Do you have anything you desire to say to the Court before sentence is pronounced? Mr. Woodson: I am sorry it happened; I didn't mean it.

" 'The Court: You, yourself, enter a plea of guilty? Mr. Woodson: Yes, sir.

" 'The Court: And also waive time——Mr. Woodson: Yes, sir. * * *.' "

We also said:

"It is also claimed by appellant that the trial court erred in not holding a hearing inasmuch as it appeared from the questioning that appellant was not acquainted with his rights and his counsel was not attempting to defend him.

"It must be conceded the trial court was most solicitous of the rights of the appellant and went a long way to advise him of them. The fact the court made particular reference to the possible inability of the prosecution to obtain a conviction on the confessions alone does not of itself show the appellant was not properly represented. As hereinafter noted the appellant personally pleaded guilty and reaffirmed his confession. We find no merit to his last noted contention." Page 1267, 244 Iowa, page 559, 59 N.W.2d.

In conclusion at page 1269, 244 Iowa, page 559, 59 N.W.2d, we said: "We are convinced the plea of guilty as made by the appellant in open court, as well as his reaffirmance of his confession in open court, justified the trial court in accepting the plea and the imposition of the sentence entered."

Many prisoners in penal institutions have brought to our attention habeas corpus actions in their attempts to gain their release. From our holdings in these cases several principles are now well established.

It is not the purpose of a habeas corpus proceeding to

determine the guilt or innocence of one charged with crime, nor to pass upon the errors in his trial, nor to rehash and retry the original case. Unless there was no jurisdiction in the court, the judgment is not void and he cannot attack it collaterally by habeas corpus. Carpentier v. Lainson, 248 Iowa 1275, 84 N.W.2d 32, 71 A. L. R.2d 1151; Mann v. Lainson, 250 Iowa 529, 94 N.W.2d 759; Rodgers v. Bennett, 252 Iowa 191, 105 N.W.2d 507; Farrant v. Bennett, 255 Iowa 704, 123 N.W.2d 888.

■ Under modern holdings of the Supreme Court of the United States we are bound to consider any infringement on the constitutional rights of those accused of crimes as denials of due process. Due process is made a jurisdictional question.

■ In reference to denial of due process, in Carpentier v. Lainson, 248 Iowa 1275, 1279, 84 N.W.2d 32, 34, 71 A. L. R.2d 1151, we said: "To fall within the concept of the Federal as well as the State Constitution, petitioner's claim must therefore sustain his claim that the denials alleged were so fatal to a fair trial that respective courts had no jurisdiction to act in the matters before them and their judgments were void." (Citations)

■ Thus the only issues germane to this appeal are those involving jurisdiction, due process, and the included question of the existence of the crime charged. Mart v. Lainson, 239 Iowa 21, 30 N.W.2d 305, Sewell v. Lainson, 244 Iowa 555, 57 N.W.2d 556, Nelson v. Bennett, 255 Iowa 773, 123 N.W.2d 864.

■ Plaintiff's difficulty here is that his claim of denial of due process was raised in his appeal and decided adversely to him.

His new attorney in that appeal raised the question of lack of effective counsel which might constitute a jurisdictional defect. State v. Karston, 247 Iowa 32, 72 N.W.2d 463; Mann v. Lainson and Farrant v. Bennett, both supra. We found no merit in that contention.

On appeal of the original case we dealt at length with the trial court's handling of the plea of guilty and Woodson's reaffirmance of his confession. Our holding amounts to an adjudication that his confession and plea in open court were voluntarily and understandably made and afforded him due process.

■ It is well settled that a habeas corpus action cannot per-

form the function of another appeal from the judgment of conviction. Mart v. Lainson, 239 Iowa 21, 23, 30 N.W.2d 305, 306; Meeks v. Lainson, 246 Iowa 1237, 1240, 71 N.W.2d 446, 448; Kotek v. Bennett, 255 Iowa 984, 987, 124 N.W.2d 710, 711. Plaintiff's petition amounts to nothing more than an attempt to relitigate issues which were decided against him.

The action of the trial court denying the writ is affirmed.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.