177 So.2d 920

**Leon LANG**

v.

**STATE of Alabama.**

**8 Div. 202.**

Supreme Court of Alabama.

Aug. 12, 1965.

Leon Lang, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

LAWSON, Justice.

Leon Lang interposed a plea of guilty to an indictment charging robbery. A jury found him guilty and fixed his punishment

at imprisonment for a period of thirty years. Lang appealed.

Submission here is on motion and merits.

## Motion

The motion filed here is for the court to appoint a lawyer to prosecute the appeal on the ground that Lang, the appellant, is unable to employ a lawyer.

The trial court found in effect that Lang is an indigent and appointed one of the lawyers who was appointed to represent Lang in the trial court to represent him here.

Lang was dissatisfied with the lawyer who was appointed to prosecute the appeal and filed a motion in the trial court asking for his removal. The trial court complied with this request. Lang did not ask that another lawyer be appointed. On the contrary, he averred in his said motion: "That appellant desires to perfect his own appeal, and he intelligently and understandingly waives his right to counsel to prosecute his appeal."

■ Under such circumstances we are of the opinion that Lang is not entitled to have this court appoint counsel to represent him here.

A brief has been filed in this court on behalf of Lang which bears his name, but we doubt that it was prepared by him. It appears to have been prepared by a lawyer but, if not, it was prepared by one familiar with the rules of this court and with our recent decisions, as well as those of the Supreme Court of the United States.

## Merits

It is contended in brief that the cause should be reversed because the State introduced evidence said to have been inadmissible because it resulted from an unlawful search and seizure. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933; Duncan v. State, ante p. 145, 176 So.2d 840.

■ It seems to be the insistence of Lang that the lawyers who represented him in the trial court were incompetent in that they did not advise him of the inadmissibility of such evidence and that he would not have interposed a plea of guilty if he had known that the evidence of which complaint is made was inadmissible.

From the record before us, we cannot say that the evidence of which complaint is made resulted from an unlawful search and seizure. From aught appearing, the officers may have had a search warrant or the searches may have been incidental to a lawful arrest. Counsel may have been cognizant of the fact that the evidence which was obtained by the searches and seizures had been lawfully obtained. Certainly there is nothing in this record to indicate to the contrary.

In any event, all of the evidence introduced by the State was for the sole purpose of enabling the jury to fix punishment, since Lang had admitted his guilt. The punishment fixed by the jury was in accord with an agreement entered into between the State prosecutor, Lang's lawyer and Lang himself.

■ Before Lang was permitted to withdraw his plea of not guilty and to then plead guilty, the trial court, the Honorable Edward N. Scruggs, was very careful to apprise Lang of all of his rights and to determine that Lang had exercised his own judgment, after consulting with counsel, to change his plea from not guilty to guilty.

We have never reviewed a record where a trial judge went to such lengths in apprising a defendant of his rights and in explaining to him the procedures of the trial. We commend this practice to all trial judges, particularly where a plea of guilty is sought to be interposed, in view of the current sweep of the federal writ of habeas corpus.

The judgment is affirmed.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.