RAYMOND BIRK, appellee, v. JOHN E. BENNETT, warden, Iowa State Penitentiary, appellant.

No. 51902.

(Reported in 141 N.W.2d 576)

APRIL 5, 1966.

Lawrence F. Scalise, Attorney General, Ronald A. Riley,

1018

Assistant Attorney General, and Thomas Tucker, of Fort Madison, for appellant.

John S. Huiskamp, of Keokuk, for appellee.

THORNTON, J.—Plaintiff, a prisoner in the state penitentiary, sought his release by way of habeas corpus, as a post-conviction remedy. He was informed against in Black Hawk County for a violation of section 713.1, Code, 1958, and as a habitual criminal, section 747.5, he entered a plea of guilty and was sentenced to a term of not more than 25 years. The trial court granted the writ and discharged plaintiff from the custody of the warden. Defendant appeals.

The questions presented are, the sufficiency of the evidence to sustain the trial court's finding plaintiff was inadequately represented by counsel and whether plaintiff should have been unconditionally discharged or held for proper state authorities.

I. Plaintiff pleaded four grounds for relief, 1) inadequate representation by counsel, 2) that he was coerced against his will into entering a guilty plea, the plea coming as a direct result of threats by the assistant county attorney and lack of assistance of counsel, 3) plaintiff was deprived of his right to a fair and impartial arraignment, and 4) he was never arraigned on the charge which was subsequently prosecuted and was never informed of the nature of the charge or his rights under the charge.

The trial court found there was not any evidence in the record to support the last three of the above. The court did hold plaintiff received ineffective assistance of counsel.

In so holding the court stated: "* * *, the question in this case is whether the statement made by Birk's attorney did coerce him into a guilty plea. This Court is of the opinion that the statements by Birk's attorney did coerce him into entering a plea of guilty. However, as stated earlier in the opinion, the important factor is the inadequacy of counsel and not the coercion of the guilty plea."

From the nature of the evidence and the authorities cited and reviewed by the trial court, the court must have found from the statements made by plaintiff's first appointed counsel he was

led to believe the State would seek a 40-year penalty if he did not plead to a 25-year term, and from the lack of advice and inattention on the part of the second appointed counsel the statements made by the first counsel, of which second counsel knew, were in no way dispelled and plaintiff was not properly advised of his rights. If plaintiff's uncontradicted testimony is believed this is a permissible conclusion. And such finding of fact is binding on us. Hoskins v. Bennett, 256 Iowa 1370, 1377, 131 N.W.2d 510, 515; and Sewell v. Lainson, 244 Iowa 555, 564, 57 N.W.2d 556.

 It is established the inadequacy of appointed counsel is a constitutional defect that deprives the trial court of jurisdiction to proceed with the trial and sentence the accused. And that such question is properly raised in habeas corpus. Hoskins v. Bennett, 256 Iowa 1370, 1377, 131 N.W.2d 510, 515; Buteaux v. Bennett, 256 Iowa 1068, 1071, 129 N.W.2d 651; and Sewell v. Lainson, 244 Iowa 555, 564, 57 N.W.2d 556.

 Plaintiff is entitled to effective assistance of counsel. State v. Lowder, 256 Iowa 853, 129 N.W.2d 11; and State v. Karston, 247 Iowa 32, 72 N.W.2d 463. "Effective" does not mean successful. But it does mean conscientious, meaningful, representation wherein the accused is advised of his rights, not merely a perfunctory appearance by counsel. Turner v. State of Maryland, 4 Cir., 303 F.2d 507, 511.

 "Only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking the conscience of the Court, can a charge of inadequate legal representation prevail." Scott v. United States, 6 Cir., 334 F.2d 72, 73, certiorari denied 379 U. S. 842, 85 S. Ct. 81, 13 L. Ed.2d 48; and Schaber v. Maxwell, 348 F.2d 664, 668. The burden of proof on these matters is on the plaintiff. State v. Myers, 248 Iowa 44, 49, 79 N.W.2d 382.

Plaintiff testified the attorney first appointed to defend him first advised him, "* * * he thought he could get me seven years. * * * I was willing to accept seven years." And on two occasions this first attorney, once through the jailer and once in person, told him that the county attorney had said if he did not plead guilty to 25 years that he would receive 40. Plaintiff then be-

came dissatisfied with his first attorney and asked the county attorney that another attorney, naming him, be appointed. This was done. Plaintiff states the second attorney came to see him, he gave the attorney a brief history of himself. The attorney looked it over but "it seemed like he wasn't too interested in me and then I knew that I wasn't going to get nowhere with him either." Plaintiff told the second attorney about the 25- and 40-year sentences. When plaintiff was taken to court he testified he did not know what was happening. His attorney told him he was going to be sentenced and "don't worry about the forty years." His attorney did not inform him of the charge against him, of the sentence he could expect, but merely told the plaintiff not to be scared and that he would not get 40 years. Plaintiff further testified that at that time he thought he could be prosecuted under the 40-year section and did not learn it was inapplicable until he reached the penitentiary. And further that he did not want to gamble on a jury trial on the 40-year charge and if he had known that 25 years was the maximum penalty he would have "held still for a jury trial."

What was told to plaintiff by counsel was in no way contradicted. The effect of the testimony for defendant by the assistant county attorney who prosecuted the case in Black Hawk County was that their office had not threatened plaintiff or his counsel with the 40-year section and the intention was to prosecute him just as they did.

Plaintiff does not contend he was not subject to prosecution as a habitual criminal under section 747.5, but readily admits the prior convictions.

As above pointed out, if the trial court believed plaintiff, the facts were uncontradicted and the subjective state of his mind of course uncontradictable, it was proper to find he was misled by his first attorney, his second attorney knew this but did not advise him further. Thus the representation by the second attorney was purely perfunctory and petitioner was content to plead guilty based on the statements of the first attorney. This much we are bound to affirm.

II. The second proposition before us, whether plaintiff should have been unconditionally released or held for proper

state authorities presents the following questions urged by plaintiff, 1) the issue was not raised below and is not properly before us, and 2) plaintiff was entitled to his release upon the determination that he had been inadequately represented by counsel.

We resolve these issues against plaintiff because of the following sections in the chapter on habeas corpus relating to the relief that may be afforded such plaintiff.

Section 663.37: "If no sufficient legal cause of detention is shown, the plaintiff must be discharged."

Section 663.38: "Although the commitment of the plaintiff may have been irregular, if the court or judge is satisfied from the evidence that he ought to be held to bail, or committed, either for the offense charged or any other, the order may be made accordingly."

These two sections have not heretofore been considered with this question before us. We now hold when considered together these sections require the trial court, before a plaintiff in habeas corpus may be discharged, to consider the balance of the record before it to determine whether an unconditional release is warranted or the plaintiff should be held for proper authorities. The court is limited by the record before it in the judgment it may enter and this is true whether pleaded or not. Though, of course, the better practice is for the defendant to so plead and not lay a trap for the trial court, as was done here where defendant merely resisted the discharge and raised no question of holding plaintiff for the proper authorities.

The foregoing is fully established in the case of an illegal or erroneous sentence, where plaintiff is merely returned to the proper court for a proper sentence where the court has the power to sentence but not to enter the sentence imposed. Wilson v. Bennett, 252 Iowa 601, 107 N.W.2d 435; and Cummings v. Lainson, 239 Iowa 1193, 33 N.W.2d 395. See also Cummings v. Bennett, 8 Cir., 324 F.2d 1.

In this case the information charging plaintiff with a crime in Black Hawk County has been in no way affected. The judgment of the trial court can do no more than declare void that part of the proceedings wherein plaintiff's constitutional right to assistance of counsel was denied. This did not occur

until the plea of guilty was entered without effective counsel. Only the proceedings thereafter, the plea and sentence, are void. The information still stands. What happens is, the court loses jurisdiction to proceed when a constitutional right is denied the accused. The plaintiff in effect has not had a trial, he is still entitled to a fair trial with effective assistance of counsel. The prisoner is only entitled to his unconditional release in a situation of this kind when the sentencing court had no jurisdiction to try and determine the offense alleged. In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 327, 38 L. Ed. 149. This is not true here, the Black Hawk County District Court had jurisdiction to try the offense charged, it lost jurisdiction to continue the trial because of the constitutional defect urged, but not to try plaintiff when properly represented. The defect plaintiff complains of could have properly been raised on appeal. State v. Lowder, 256 Iowa 853, 129 N.W.2d 11; State v. Myers, 248 Iowa 44, 79 N.W.2d 382; and State v. Karston, 247 Iowa 32, 72 N.W.2d 463. If successful on appeal the accused is granted a new trial. That is what he is entitled to now. Plaintiff here was not put in jeopardy by the judgment of conviction which is void for lack of jurisdiction. He may again be arrested and prosecuted on the original information. This is firmly established by the wealth of Federal cases on this point. As fully sustaining the views herein expressed see Slack v. Grigsby, 229 Ind. 335, 97 N.E.2d 145.

We are not unmindful that the Federal courts in remanding prisoners to the state courts act pursuant to statute, 28 U. S. C. A., section 2243. What we hold today is that sections 663.37 and 663.38, Code, 1962, require us to "dispose of the matter as law and justice require" as it appears from the record before us. As having some bearing see Ford v. State, 258 Iowa 137, 138 N.W. 2d 116.

Nor are we unmindful of the cases from other states cited by plaintiff wherein the discharge was final on its face. State ex rel. Calloway v. Boles, W. Va., 140 S.E.2d 624, the question of the prisoner's rearrest was not there considered. Drewniak v. State ex rel. Jacquest, 239 Wis. 475, 1 N.W.2d 899, is not apposite here, the prisoner's sentence had fully expired. In Leach v. Cox, 74 N. M. 143, 144, 391 P.2d 649, 650, the prisoner had been un-

conditionally released on one habeas corpus hearing, and the defendant there did not appeal, the prisoner was later arrested for parole violation, the order in the original case having been amended to read, "from your custody to again begin service of his sentence on parole", some 15 months after the entry of the original order. What the Supreme Court of New Mexico decided in the second habeas corpus case, the one before it, was, the prisoner was in custody of the warden even when on parole, the first order released him from the warden's custody, the attempt to amend the first order was void and the first order was final where not reversed on appeal.

Plaintiff also cites Addis v. Applegate, 171 Iowa 150, 154 N.W. 168, Ann. Cas. 1917E 332, plaintiff therein was confined as an inebriate, until cured, when the trial court found plaintiff cured based on substantial evidence plaintiff was entitled to an unconditional discharge. What is said there refers to that situation.

In the past we have expanded habeas corpus proceedings to provide a post-conviction remedy after time for appeal has passed wherein a prisoner can obtain an evidentiary hearing and determination of any claimed denial of constitutional rights. See Ford v. State, 258 Iowa 137, 138 N.W.2d 116; Hoskins v. Bennett, 256 Iowa 1370, 131 N.W.2d 510; Buteaux v. Bennett, 256 Iowa 1068, 129 N.W.2d 651; Sewell v. Lainson, 244 Iowa 555, 57 N.W.2d 556; and the citations in each. We are now adopting the remedy to this expanded concept. See State ex rel. Holm v. Tahash, 272 Minn. 466, 139 N.W.2d 161.

III. In some trial courts it is the practice of the trial judge to apprise a defendant about to enter a guilty plea of all of his rights and to determine the defendant has exercised his own judgment, after consulting with counsel, to enter such plea. We commend this practice to all trial judges. Lang v. State, 278 Ala. 295, 177 So.2d 920.

IV. Attention of the trial court and counsel for the appellee is directed to Canon 13 of the Canons of Judicial Ethics of the American Bar Association, and annotation, 50 A. L. R.2d, page 145, footnote 4; East Maine Township Community Asso-

ciation v. Pioneer Trust and Savings Bank, 15 Ill. App.2d 250, 145 N.E.2d 777, 782.

V. The judgment of the trial court should have provided for plaintiff's release unless returned to Black Hawk County within a reasonable time for trial on the original information. Inasmuch as the judgment below was not stayed we must presume plaintiff is at large. He is subject to arrest by Black Hawk County authorities at anytime. The case is remanded for judgment as herein provided.—Affirmed in part, modified in part and remanded.

All JUSTICES concur.