MARTIS C. SCALF, appellant, v. JOHN E. BENNETT, warden, Iowa State Penitentiary, Fort Madison, appellee.

No. 52172.

(Reported in 147 N.W.2d 860)

394

JANUARY 10, 1967.

REHEARING DENIED APRIL 3, 1967.

John L. Sloane and Alfred M. From, both of Des Moines, for appellant.

Lawrence F. Scalise, Attorney General, Ted F. Fay, Jr., and Ronald A. Riley, Assistant Attorneys General, and Ray Fenton, of Des Moines, County Attorney, for appellee.

MOORE, J.—Plaintiff, Martis C. Scalf, sought his release by habeas corpus from confinement in the men's penitentiary at Fort Madison where he was serving a sentence for statutory rape. Following the taking of many depositions and a hearing the district court denied relief. Plaintiff has appealed. We affirm.

Appellant was indicted March 29, 1962, by the Polk County Grand Jury for statutory rape as defined in Code section 698.1 charging that he carnally knew and abused a named female under the age of sixteen years. Before arraignment he advised the court he was a pauper and did not want the attorney, with whom he had consulted, appointed as his counsel. He requested attorney Clayton P. Schisel be appointed. Appellant's wife had known Mr. Schisel for many years. He also requested another attorney, Roger West, be appointed. The district court appointed both and they actively represented appellant before and during the four-day trial which commenced April 23, 1962. The jury returned a verdict of guilty as charged.

On May 25, 1962, appellant was sentenced to serve thirty-five years in the men's penitentiary at Fort Madison. Appellant then appealed. His conviction was affirmed by this court on February 12, 1963. See State v. Scalf, 254 Iowa 983, 119 N.W.2d 868. The appeal was handled by Mr. Schisel. It was submitted to us on the transcript of all proceedings in the trial court and on briefs and arguments prepared and filed by both parties. At page 990, 254 Iowa, page 872, 119 N.W.2d, we say: "There was evidence in this case of debauchery, licentiousness and the defilement of an eleven-year-old child in the name of religion. The disclosures were shocking to the sensibilities of decent people. After a fair trial the defendant was found guilty by a jury. The sentence imposed by the trial court was within the provisions of the statute and was not excessive."

On March 11, 1963, appellant by a newly employed attorney, Leslie C. Roberts, filed in the Polk District Court a motion for a new trial. The original trial judge, Honorable Ray C. Fountain, an able and experienced jurist of many years service on the bench, in denying this motion stated:

"Let the record show, Mr. Reporter, that the Motion for New Trial as filed on the 11th of March is dismissed and void, and the Court has no jurisdiction in view of this decision I have mentioned. The same ruling with reference to the motion denominated Petition for New Trial. And for the further reason that this Court presided at the trial of this case, appointed the attorney that Mr. Scalf wanted to represent him, and that I insisted there be two attorneys and I appointed another one to represent him, and they conducted the trial of the case. I am convinced the defendant had a fair trial. I am convinced the jury was one hundred percent in convicting the defendant; that he was and is still guilty of that crime and other crimes. The motions are overruled and the defendant is delivered to the custody of the sheriff."

Faced with such a record it is understandable why appellant's present counsel made almost every conceivable attack in the Lee County District Court on the validity of appellant's confinement. He took the deposition of the victim, her sister who had observed the attack, the mother, a newspaper reporter, and the doctor all of whom had been witnesses at the trial on the indictment. Two doctors testified, by deposition, that, based on a long hypothetical question, the lack of evidence of any serious injury to the alleged victim and the size of appellant's phallus, which one of them had measured, in their opinion no penetration had been made and no rape perpetrated. The victim had testified there had been a penetration. A doctor who had examined her several months after the alleged attack testified on trial on indictment he had found stretching of the hymenal ring and that would be consistent with the victim's statement a penetration had been made.

Other evidence was presented disputing testimony taken on the original trial. This included his belief in and teaching of free love to which the victim testified she had been subjected.

These and several other matters which we find unnecessary to set out which appellant presented in the habeas corpus trial amount to an attempt to retry and rehash the trial on the indictment. As we shall point out infra this is not permitted in habeas corpus.

The main thrust of appellant's contention, as we understand it and as treated by the trial judge, is that he was denied due process because of ineffective and inadequate counsel and that he was not in fact afforded a fair trial.

Appellant testified he called his counsel's attention to the lack of serious injury to the alleged victim and that his phallus was much larger than average. These statements are denied by both Schisel and West.

Both attorneys testified regarding investigations and interviews with witnesses before trial. Appellant denied he was present in the victim's home when the alleged attack took place and claimed he was far from the premises at the time. He stated, as did his secretary, that he was engaged for several hours that evening in his work as an ordained minister and as chairman of "Elijah Ministry". He also assured his attorneys he was a man of good character and reputation and gave the names of several witnesses whom they interviewed in this regard.

Both attorneys testified their study of the minutes attached to the indictment failed to disclose evidence of injury to the victim other than stretching of the hymenal ring. Each visited about this question with doctor acquaintances and were told such could be the only result particularly in view of the fact the victim was not examined by the doctor for several months after the event.

Schisel and West testified they decided to rely on appellant's claim of alibi or absence from the place and good character and reputation.

Appellant and his secretary testified he was not at the victim's residence as claimed by her and other witnesses. Several witnesses testified appellant's character and reputation were good.

Schisel and West further testified the asserted defense was developing satisfactorily until the State's rebuttal when appel-

lant was impeached and many witnesses testified concerning his teaching of "free love" and his bad reputation. The assurances given counsel by appellant were proved to be false.

Before preparing the appeal Schisel consulted Professor Leland S. Forrest of the Drake Law School concerning possible errors to be asserted and argued. After a study of the trial transcript Forrest made many suggestions. Schisel testified he adopted some of them while others after further research and study were not asserted.

At the conclusion of a well prepared findings of fact and a thorough review of the applicable law, both Federal and State, the trial court states: "The Court finds that the petitioner, Martis C. Scalf, has failed to prove that his representation by counsel was not effective representation, and it is therefore hereby ordered that the application for Writ of Habeas Corpus be dismissed, and the petitioner is ordered returned to the custody of John E. Bennett, Warden, Iowa State Penitentiary, Fort Madison, Iowa."

I. We have uniformly held the trial court's findings in a habeas corpus action not involving custody of a child are binding upon us if supported by substantial evidence. Birk v. Bennett, 258 Iowa 1016, 141 N.W.2d 576, 578; Herold v. Haugh, 259 Iowa 667, 669, 145 N.W.2d 657, 659, and citations.

II. It is not the purpose of a habeas corpus proceeding to determine the guilt or innocence of the prisoner of the crime charged, nor to pass upon the errors in his trial, nor to retry the facts and pass upon the sufficiency of the evidence to sustain the charge. Unless there was no jurisdiction in the court, the judgment is not void and may not be collaterally attacked by habeas corpus. Carpentier v. Lainson, 248 Iowa 1275, 1279, 84 N.W.2d 32, 34, 71 A. L. R.2d 1151; Mann v. Lainson, 250 Iowa 529, 530, 94 N.W.2d 759, 760; Nelson v. Bennett, 255 Iowa 773, 776, 123 N.W.2d 864, 865, 866; Simonton v. Huiskamp, 256 Iowa 279, 282, 127 N.W.2d 131, 133; Woodson v. Bennett, 256 Iowa 807, 811, 812, 128 N.W.2d 903, 906; Buteaux v. Bennett, 256 Iowa 1068, 1071, 129 N.W.2d 651, 653.

III. Lack of effective counsel may constitute a jurisdictional defect reviewable by habeas corpus. Sewell v. Lainson,

244 Iowa 555, 566, 57 N.W.2d 556, 562; State v. Karston, 247 Iowa 32, 36, 72 N.W.2d 463, 466; Buteaux v. Bennett and Birk v. Bennett, both supra.

▉ IV. Appellant was entitled to effective assistance of counsel and to receive a fair trial. This is assured under the provisions of Amendment 6, section 1, of Amendment 14 to the Constitution of the United States, and Article I, sections 9 and 10, of the Constitution of Iowa. This principle has been approved numerous times both in federal and our decisions. We cite only a few. Powell v. Alabama, 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527; Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed.2d 799, 93 A. L. R.2d 733; State v. Karston, 247 Iowa 32, 36, 72 N.W.2d 463, 465, 466; State v. Myers, 248 Iowa 44, 48, 79 N.W.2d 382, 385; State v. Lowder, 256 Iowa 853, 859, 860, 129 N.W.2d 11, 15.

▉ "Effective" does not mean successful. It means conscientious, meaningful representation wherein the accused is advised of his rights and honest, learned and able counsel is given a reasonable opportunity to perform the task assigned to him. State v. Myers and Birk v. Bennett, both supra.

▉ ▉ Improvident strategy, bad tactics, mistaken carelessness or inexperience do not necessarily amount to ineffective assistance of counsel. Only in extreme cases where it is shown the trial as a whole was a farce and a mockery of justice will a conviction be set aside because of inadequacy of counsel. State v. Benson, 247 Iowa 406, 72 N.W.2d 438; Diggs v. Welch, 80 App. D. C. 5, 148 F.2d 667; Mitchell v. United States, 104 App. D. C. 57, 259 F.2d 787; Washington v. United States, 9 Cir., 297 F.2d 342; Holt v. United States, 8 Cir., 303 F.2d 791; Kilgore v. United States, 8 Cir., 323 F.2d 369. See also 49 Virginia Law Review 1531; 78 Harvard Law Review 1435; 59 Northwestern University Law Review 289.

In Birk v. Bennett, supra, 258 Iowa 1016, 1019, 141 N.W.2d 576, 578, we quote this from Scott v. United States, 6 Cir., 334 F.2d 72, 73, certiorari denied 379 U. S. 842, 85 S. Ct. 81, 13 L. Ed.2d 48: "Only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking the con-

science of the Court, can a charge of inadequate legal representation prevail."

V. It is presumed that a court-appointed counsel for an indigent defendant acts properly. Dorsey v. Gill, 80 App. D. C. 9, 148 F.2d 857; Tibbett v. Hand, 10 Cir., 294 F.2d 68; Kilgore v. United States, 8 Cir., 323 F.2d 369.

The burden of proof was on appellant to establish his counsel was ineffective and he did not have a fair trial. State v. Benson, 247 Iowa 406, 410, 72 N.W.2d 438, 440; State v. Myers, 248 Iowa 44, 48, 79 N.W.2d 382, 385; Birk v. Bennett, 258 Iowa 1016, 141 N.W.2d 576, 578.

The trial court's finding appellant had failed to meet his burden of proof is amply supported by the record.

Having carefully read and considered appellant's many contentions we are convinced the trial court was correct in dismissing his petition for a writ of habeas corpus.—Affirmed.

All JUSTICES concur.